**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



| | | |
|---|---|---|
| Sandra Sailsman | § | |
| Plaintiff | § | |
| | § | Case No.: |
| v. | § | |
| CACH, LLC | § | |
| Daniels Norelli Scully & Cecere, P.C. f/k/a | | |
| Daniels & Norelli, P.C. | | |
| George H. Norelli | § | |
| Defendants | | |
| | § | |

**JUDGE CARTER**

**12 CV 1852**

RECEIVED
MAR 13 2012
U.S.D.C. S.D. N.Y.
CASHIERS

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff, SANDRA SAILSMAN brings suit against Defendants for their violations of the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* (the "FDCPA"), and in support

would show as follows.

### A.   JURISDICTION AND VENUE

1.      The Court has federal question jurisdiction over the lawsuit because the action arises

under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (FDCPA).  Jurisdiction of

the Court arises under 28 U.S.C. § 1331 in that this dispute involves predominant issues of

federal law, the FDCPA.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2.      Venue in this District is proper because all or a substantial part of the events or omissions

giving rise to the claims occurred in Bronx County, New York.

3.      Plaintiff is an individual who resides in Bronx County, New York.

4.      Defendant CACH, LLC is a limited liability company organized and existing under the laws

of the State of Colorado.  Said Defendant engages in business in New York, and this suit arose out

of said Defendant's business in New York.  CACH, LLC, may be served by and through its New

1

York registered agent C T Corporation System, 111 Eighth Avenue, New York, New York, 10011.

5.     Defendant DANIELS NORELLI SCULLY & CECERE, P.C. is a professional corporation organized and existing under the laws of the State of New York, with its principal place of business at One Old Country Road, Suite LL5, Carle Place, New York 11514.  It may be served at its principal executive office at One Old Country Road, Suite LL5, Carle Place, New York 11514.

6.     Defendant GEORGE H. NORELLI is an individual who, on information and belief, is a resident of the State of New York.  Mr. Norelli is a principal owner and operator of the Daniels Norelli Scully & Cecere, P.C.  He may be served at his place of business at Daniels Norelli & Cecere, P.C., One Old Country Road, Suite LL5, Carle Place, New York 11514, or wherever he may be found.

## B.    STATEMENT OF FACTS

7.     Defendant DANIELS NORELLI SCULLY & CECERE, P.C. (the "PC" or "Daniels & Norelli") is a debt collection law firm.  The PC is a debt collector because it sends thousands of collection letters and files thousands of collection lawsuits as attorneys for putative creditors and debt buyers seeking to collect alleged consumer debts.

8.     Defendants George H. Norelli ("Norelli"), an attorney, is a principal owner and operator of the PC.

9.     Defendant CACH, LLC ("CACH") purchases hundreds of thousands of charged off consumer accounts and attempts to collect on them by sending thousands of collection letters and filing thousands of collections lawsuits, directly or through others.  CACH is also a debt collector.

Last printed 3/13/2012 2:29:00 PM

10.     On or about January 7, 2011, CACH, through its law firm and agent PC, filed a state court collections lawsuit in Bronx County Civil Court, <u>CACH, LLC v. Sandra Sailsman</u>, No. CV-002235-11/BX ("the collection lawsuit").   In its verified complaint CACH averred that "there is presently an unpaid balance due and owing . . . the sum of $1,916.47 with interest from 7/21/2009, . . . together with reasonable attorney's fees." The verification was signed by Joshua Bronstein, Esq., an attorney with the PC.

11.     Defendants demanded in the summons judgment "for the sum of $1,916.47 with interest thereon from 7/21/2009, together with costs of this action." The same demand was made in the "WHEREFORE" clause of the verified complaint.[1]   <u>See</u> Exhibit A. The summons and the verified complaint each purport to be signed on 12/6/2010.  Post-default interest is limited to 9% under New York state law. As a simple matter of math, $1,916.47 with 9% interest from 7/21/2009 to yields a total amount due of $2,208.04 on 12/6/2010. Costs and disbursements in a New York Civil case is typically about $125.00.[2]

12.     Defendants never served Ms. Sailsman.

13.     Defendants mailed a copy of the summons and complaint to Ms. Sailsman with a cover letter dated February 23, 2011. The cover letter stated that the "amount complained" was $1,916.47. <u>See</u> Exhibit B.   The cover letter made no mention of interest, costs and

---

1 Oddly, while the demand for judgment did not seek an award of attorney's fees, item 4 of the complaint stated "there is presently an unpaid balance due and owing to the Plaintiff in the sum of $1,916.47 with interest from 7/21/2009 and said defendant(s) is now in default of payment under the terms of said agreement, <u>together with reasonable attorney's fees</u>." (emphasis added).

2 Costs and disbursements for civil cases are $20.00 for costs by statute, $45.00 for the index number fee, $40.00 for a prospective enforcement fee, and some amount for service of process fee, often about $20.00.

disbursements, or attorney's fees.[3]

14.     On or about March 4, 2011, Ms. Sailsman filed a pro se answer. With the answer she filed and served a letter itemizing the payments she made on the account and why this demonstrated that the account had already been paid in full. See Exhibit C.

15.     The collection lawsuit was set for a pretrial hearing on April 12, 2011.

16.     On or about April 2, 2011, Ms. Sailsman received a collection letter dated March 15, 2011, which had a handwritten notation that it was the "2nd mailing." See Exhibit D.

17.     In fact the March 15, 2011 letter was the first mailing of the letter, despite the handwritten notation to the contrary.

18.     The March 15, 2011 letter stated that **$4,039.15** was the "Current Balance Due on or before 3/30/2011,"[4] and purported to give an accounting of prior payments.  The letter claimed that the "previous balance" was $16,039.15.

19.     The amount claimed to be due in the March 15, 2011 collection letter was $2,122.68 greater than the $1,916.47 Defendants claimed was the "amount complained of" in its cover letter of February 23, 2011.

20.     The amount claimed to be due in the March 15, 2011 collection letter was $1,831.11 greater than the principal and interest the summons claimed to be due.

21.     Defendants used the March 15, 2011 letter to attempt to dupe Ms. Sailsman to signing

---

3 Communications more than one year from the filing of this complaint which may be time barred under the one year FDCPA statute of limitations are still relevant because they demonstrate how communications made within statute of limitations are misleading.
4 Oddly, in three places the letter states that the amount due is $4,039.15, but one place it states the balance due is $4,039.00.

that she "agreed" that this was the correct amount due and that she would pay that full amount by 3/30/2011. Specifically, the letter stated, that, by signing the agreement to pay, "you will also acknowledge your liability for this obligation and the accuracy of the information contained in this letter."

22.     The March 15, 2011 letter purported to come from and be signed personally by a named partner of the PC, George H. Norelli, Esq. ("Norelli").

23.     By contending that Mr. Norelli signed the letter personally, Defendants were representing to Ms. Sailsman that Mr. Norelli had done an individualized assessment of the facts and circumstances of the claims against Ms. Sailsman.

24.     If Mr. Norelli did not in fact review the facts and circumstances around Ms. Sailsman putative account, Defendants were misrepresenting the level of attorney review in the collection letter.

25.     Alternatively, if Mr. Norelli did review the specifics of Ms. Sailsman's putative account, then Defendants were making a knowing misrepresentation of the amount due, in relation to the amount Defendants claimed to be due in the summons and complaint, the February 23, 2012 cover letter, and, as we shall see, in subsequent verified court filings.

26.     Ms. Sailsman was stunned and confused by Defendants' (mis)representations of the claimed to be due.  Ms. Sailsman felt overwhelmed by the fact that this law firm that just sued her for $1,916.47 was stating now by letter the "previous balance" was $16,039.15, and that she currently owed $4,039.15.

27.     On or about April 3, 2011, Ms. Sailsman spoke with a debt collector from the PC.  Ms.

5

Sailsman questioned the collector about the letter dated March 15, 2011, because she was confused about the breakdown of charges, and also by the notation that this letter was the second mailing as she never received the first.

28.     The debt collector did not explain how Daniels & Norelli arrived at the alleged balance due but argued with Ms. Sailsman and spoke to her in a very condescending and argumentative manner. Ms. Sailsman, feeling upset and very frustrated, stated that any further information that Daniels & Norelli would like to impart to her regarding this debt should be in writing, to which the debt collector replied her office "was not equipped to do that."

29.     Ms. Sailsman followed up about the conversation with the debt collector by handwritten letter dated April 3, 2011, addressed to the PC explaining that she paid the creditor at least $14,645.00 and that she was "informed" previously that the total debt was $13,916.47. See Exhibit E. Ms. Sailsman requested that Defendants investigate this discrepancy with GE Money Bank, and that any further communications shall be in writing sent to her home address.

30.     Shortly thereafter, Ms. Sailsman received, again, the same March 15, 2011 letter from the PC with a handwritten adhesive notes affixed to the front of the letter. This note acknowledged additional prior payments not reflected in the letter itself, but still contended that the amount due was $4,039.15.

31.     On April 14, 2011, during the first pretrial conference, Civil Court Judge Mitchell J. Danzinger ordered CACH, through its counsel, to serve discovery materials to Ms. Sailsman within 45 days.

32.     CACH, through its counsel, served Ms. Sailsman with its first set of interrogatories. The

interrogatories had a certificate of service of April 20, 2011. The cover letter to the interrogatories, also dated April 20, 2011, stated, "Total Amount Sued for: 1,916.47." See Exhibit F. This stated "total amount" is entirely inconsistent with the total amount claimed to be due in the summons, the verified letter, the letter of February 23, 2011, and the letter of March 15, 2011.

33.     Although the interrogatory demands contained a certificate of service of April 20, 2011, the postage stamp on the envelope indicated it was not mailed until April 27, 2011.  Ms. Sailsman had only 20 days from the date of service to answer the interrogatories. See Exhibit G. The pattern and practice of Defendants is to move to strike a pro se consumer's answer to the complaint and move to enter judgment against the consumer if the consumer does not timely answer discovery demands. Therefore, on information and belief, CACH, through the PC, intentionally backdated the certificate of service date in the interrogatories with the specific intent to confuse Ms. Sailsman and to provide a pretext for CACH to strike Ms. Sailsman's answer and to move for default judgment against her.

34.     Ms. Sailsman responded to the discovery demands of CACH and the PC by producing bank statements showing proof of payment totaling $14,465.00 on the alleged account.

35.     On or about May 6, 2011, Ms. Sailsman received the discovery responses from CACH and its counsel, and it partially complied with discovery by providing a few account statements, an alleged copy of an affidavit of sale, and a boilerplate card member agreement dated 2006, a year before the date in which Ms. Sailsman opened a GE Money Bank/Care Credit account.

36.     On or about June 14, 2011, CACH filed a motion for summary judgment seeking

$1,916.47, "together with statutory interest from" July 21, 2009, and statutory costs of the civil court action. See Exhibit H.

37.     In support of its motion for summary judgment, CACH provided an affidavit of Mr. Tom Vigil dated May 20, 2011, the "authorized agent and custodian of records" for CACH. Mr. Vigil avers in his affidavit that, "As of the date hereof [May 20, 2011], there is due and owing . . . the amount of $1,916.47 together with interest at the rate of nine percent (9%) from 7/21/2009 and costs of this action." In support of his affidavit, Mr. Vigil attached assorted documents including a putative 2006 card member agreement, and six putative credit card statements from February 2009 through July 2009.

38.     On or about June 28, 2011, Ms. Sailsman provided a pro se response to CACH's motion for summary judgment and served it on its counsel. In her opposition, she questioned the authenticity of the bill of sale, raised the issue of hearsay because all documentation relied on and statements made by Mr. Vigil in his affidavit were based on inadmissible hearsay. Ms. Sailsman further challenged whether CACH met its burden of production stating that it did not provide prima facie evidence to support its claims for breach of contract and account stated, partly because the fees enumerated in the card member agreement provided by CACH contradicted the fees actually charged in the statements provided. Lastly, she maintained that genuine issues of fact remain as to the balance CACH sought to recover from Ms. Sailsman.

39.     Ms. Sailsman was confused at to the amount that CACH claimed she owed as she received from Defendants numerous conflicting statements as to remaining amount allegedly owed on the GE Money Bank credit card.

8

40.     On or about July 18, 2011, the PC, on behalf of CACH, replied to Ms. Sailsman's opposition to summary judgment reiterating the points it made in its initial motion and alleging no issue of fact for trial.

41.     On July 22, 2011, Civil Court Lizbeth Gonzalez heard CACH's motion.  Judge Gonzalez indicated that she was going to deny the motion, so CACH withdrew the motion to avoid an adverse ruling.

42.     In an especially egregious act, CACH, through the PC, slipped to the judge's law clerk and attempted to have signed an order granting on default its motion for summary judgment.  See Exhibit I.  The clerk went so far as to stamp Judge Gonzalez's name on the proposed order, however, after Judge Gonzalez indicated she would deny the motion CACH withdrew the motion to avoid an adverse ruling.

43.     The court set trial for September 22, 2011.

44.     Because it knew it would not and could not prove its claims at trial, CACH filed a second motion, despite knowing it would have lost its first summary judgment motion.

45.     On August 2, 2011, CACH filed a second motion for summary judgment because CACH knew it could not prove its claims in the previously set trial.  This required Ms. Sailsman again to file a pro se opposition, and again to miss work to go to court so she could attend the hearing on the second motion for summary judgment.  See Exhibit J.

46.     On August 30, 2011 Judge Ben R. Barbato denied CACH's motion for summary judgment.  See Exhibit K.

47.     On September 22, 2011, the court called the case for trial.  CACH put forth no evidence

9

that Ms. Sailsman owed the putative debt.   Judge Danzinger ordered the collection lawsuit discontinued with prejudice.

48.     Ms. Sailsman, like many New Yorkers in these difficult financial times, lives paycheck-to-paycheck.  Ms. Sailsman certainly could not afford to hire an attorney to defend herself in the collection lawsuit.  Defendants acted with the specific purpose of misleading Ms. Sailsman in an effort to compel her to pay more than the amount that was actually owed on the account.

49.     Ms. Sailsman wanted to pay the amount she actually owed.  She had gone so far as to liquidate $11,000 from her retirement savings to pay down the debt.  She paid an additional $1,000 towards the debt from her tax refund.  However, Ms. Sailsman did not wish to pay an amount she did not owe.  By her accounting, the debt should have been either paid off in full.  Ms. Sailsman's desire to actually resolve the debt for the correct amount owed was one reason why Defendants' misrepresentations and inconsistent representations of the amount due caused her so much confusion and distress.

50.     Ms. Sailsman was confused, distressed, and overwhelmed when Defendants told her orally and in the March 15, 2011 letters that she owed $4,039.15, when her own records showed that the debt had been paid.  This confusion and distress was magnified by series of contradictory (and therefore deceptive) assertions made by Defendants.  The letter of April 20, 2011, stated that the "Total Amount Sued for" was 1,916.47." (Emphasis added). Yet in their motions for summary judgment Defendants stated she not only owed 1,916.47, but also interest at 9% from July 21, 2009 to present, plus costs.

10

51.    Ms. Sailsman just wanted to pay the amount actually owed and be done with it.[5]  Ms.

Sailsman felt overwhelmed that Defendants were pressuring her to sign the letters dated March

15, 2011, stating that she "agreed" that she really owed $4,039.15. The letter carried even more

weight because it was personally signed by the lawyer that was the head of the law firm.  Ms.

Sailsman felt powerless and feared what Defendants might do or say in court and how she would

defend herself against them, especially since they were also telling her that they really could get

more than $4,000 against her.  Certainly, Ms. Sailsman's fears were borne out when CACH,

through the PC, slipped a proposed order to the court's law clerk granting summary judgment on

default when in fact CACH withdrew the motion after the court indicated it would deny the

motion.

52.    Ms. Sailsman felt the stress, fear, and anxiety mounting each day after she received the

letters and calls from the PC, and she suffered these feelings almost every day from that point

until the case was dismissed on September 22, 2011.  This mounting anxiety made it difficult to

sleep and caused headaches.  Ms. Sailsman also incurred expenses, including postage and copies,

seeking to prevent Defendants from obtaining the more than $4,000 to which they said they were

entitled.

### COUNT # 1: Violations of the federal Fair Debt Collection Practices Act.

53.    Plaintiff repeats and realleges each and every allegation set forth above as if reasserted

and realleged herein.

---

5 This is not to suggest that Ms. Sailsman actually owed this debt to <u>CACH</u>, the debt collector who brought the
collection lawsuit.  Ms. Sailsman only knew that she had $12,000 in dental work performed, and she paid for that
dental work on a GE Money Bank/Care Credit account.  CACH never proved in court – either to Ms. Sailsman or to
the judges who considered CACH's two summary judgment motions – that CACH had title to the debt or had fully
accounted for the amount they sought collect.

54.     The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). See also Hamilton v. United Healthcare of La., Inc., 310 F.3d 385, 392 (5th Cir. 2002) ("Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope").

55.     Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general." See S. Rep. No. 382, 95th Con., 1st Sess. 5 (Aug. 2, 1977), ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance"); and Jacobson v. Healthcare Fin. Servs., 516 F.3d 85, 91 (2d Cir. 2008) ("In this way, the FDCPA enlists the efforts of sophisticated consumers like [plaintiff] as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others.")

56.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because she was alleged to owe a debt.

57.     The obligation alleged by Defendants to be owed by Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5) because the putative credit card debt was incurred primarily for family, personal or household purposes.

12

58.    Defendants are each a "debt collector" as defined in 15 U.S.C. § 1692a(6).

59.    The PC is a debt collector because it sends thousands of collection letters and files thousands of collection lawsuits as attorneys for creditors and debt buyers seeking to collect alleged consumer debts.  Therefore, the PC regularly attempts to collect debts alleged to be to another, and that is its primary purpose.

60.    Norelli is a debt collector because he regularly collects debts through the PC.  Norelli is principal and partner of PC.  Norelli purportedly signed the letters dated March 15, 2011, stating that Ms. Sailsman owed over $4,000.  On information and belief, Norelli made the decisions to take the actions that form the basis of this complaint.  On information and belief, Norelli exercised control over the operation and management of the collection activities of the PC.

61.    CACH is a debt collector because it purchases defaulted consumer accounts and attempts to collect on them by sending thousands of collection letters and filing thousands of collections lawsuits, directly and through others.  Therefore, CACH regularly attempts to collect post-default consumer debts, directly or indirectly, and that is its primary purpose.

62.    The actions of Defendants enumerated in the above statement of facts constitute an attempt to collect a debt or were taken in connection with an attempt to collect a debt within the meaning of the FDCPA.

63.    Defendants violated the following sections of the FDCPA:  15 U.S.C. §§ 1692d, 1692e, and 1692f.  By way of example and not limitation Defendants violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt:  engaging in conduct the natural consequence of which is to harass, oppress or abuse any

13

person; using false, deceptive or misleading representations or means; misrepresenting the character, amount or legal status of the debt; misrepresenting the services rendered or compensation which may be received; threatening to take and actually taking an action prohibited by law; communicating or threatening to communicate to any person false credit information; using any false representations or deceptive means; using unfair or unconscionable means; and collecting any amount that is not expressly permitted by law or contract.

64.     A prevailing Plaintiff in an FDCPA action is entitled to actual damages, additional statutory damages of up to $1,000.00, and mandatory attorney's fees and costs, and these are so sought.

## C.   JURY DEMAND.

65.     Plaintiff demands a trial by jury.

## D.   PRAYER

66.     For these reasons, Plaintiff asks for judgment against Defendants for the following:

     i.     The above referenced relief requested;

     ii.     Statutory damages of up to $1,000.00 pursuant to 15 U.S.C. § 1692k;

     iii.     Actual damages within the jurisdictional limits of the court;

     iv.     Attorney fees and costs;

     v.     Prejudgment and post-judgment interest as allowed by law;

     vi.     A declaration that Defendants violated the FDCPA as alleged in the complaint;

vii.   General relief;

viii.   All other relief, in law and in equity, both special and general, to which

Plaintiff may be justly entitled.

Dated: New York, NY
March 12, 2012

Respectfully submitted,

By:_____

Ahmad Keshavarz
ATTORNEY FOR PLAINTIFF
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:    (877) 496-7809
Email: ahmad@NewYorkConsumerAttorney.com


YISROEL SCHULMAN, ESQ.
NEW YORK LEGAL ASSISTANCE GROUP
Randal Jeffrey, Of Counsel
7 Hanover Square, 18th Floor
New York, New York 10004
Phone: (212) 613-5053
Email: RJeffrey@nylag.org


By:_____

Shanna Tallarico, of Counsel (ST0277)
ATTORNEY FOR PLAINTIFF
7 Hanover Square, 18th Floor
New York, New York 10004
Phone: (212) 613-5000 ext. 5155
Email: STallarico@nylag.org

Last printed 3/8/2012 5:30:00 PM

# EXHIBIT A

**CONSUMER CREDIT TRANSACTION**
**IMPORTANT!! YOU ARE BEING SUED!!**
**THIS IS A COURT PAPER - A SUMMONS**
**DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY!! PART OF YOUR PAY CAN BE**
**TAKEN FROM YOU (GARNISHEED). IF YOU DO NOT BRING THIS TO COURT, OR SEE A**
**LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU**
**MAY HAVE TO PAY OTHER COSTS TOO!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER BRING**
**THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL**
**HELP YOU!!**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

--------------------------------------------------------------------------X

| | | |
|---|---|---|
| CACH, LLC | Plaintiff(s), | |
| -against- | | |
| SANDRA SAILSMAN | Defendant(s), | |

--------------------------------------------------------------------------X

**Summons**

O2235-11

1|7|11

Plaintiff's Address:
4340 S. MONACO, 2nd Flr.
DENVER, CO 80237
The basis of venue designated is:
Defendant lives in BRONX County or
Defendant(s) transaction took place in
BRONX County

To the above named defendant(s)

**YOU ARE HEREBY SUMMONED to appear in the CIVIL COURT OF THE CITY OF NEW YORK,
County of BRONX at the office of the Court Clerk at CIVIL COURT OF THE CITY OF NEW YORK, 851
GRAND CONCOURSE, BRONX, NY 10451, in the County of BRONX, City and State of New York**, within
the time provided by the laws as noted below and to file your answer to the annexed complaint with the Clerk: upon
your failure to answer, judgment will be taken against you for the sum of $1,916.47 with interest thereon from
7/21/2009, together with the costs of this action.

Dated: 12/6/10
  Defendant(s) Address:     3015 Perry Ave 3g
                           Bronx NY 10458

Note: The law provides that (a) If this summons is served by its delivery to you personally within the City of New
York, you must appear and answer within 20 days after such service; or (b) If this summons is served by delivery to
any person other than you personally, or is served outside the City of New York, or by publication, or by any means
other than personal delivery to you within the City of New York, you are allowed 30 days after proof of service
thereof is filed with the Clerk of this Court within which to appear and answer.

_____ By : Joshua Bronstein, Esq.
DANIELS & NORELLI, P.C., Attorneys for Plaintiff, 1 Old Country Rd, Suite LL5, Carle Place, NY 11514,
Tel# 866-276-4734.
120000382643-261-14

WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED
FOR THAT PURPOSE.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------------X          **Verified Complaint**

CACH, LLC                                    Plaintiff(s),

        -against-

SANDRA SAILSMAN                              Defendant(s),

-------------------------------------------------------------------------X

      Plaintiff, by the undersigned attorneys, complaining of the Defendant(s), alleges as follows, upon information and belief:

      1.     Plaintiff is a Colorado limited liability company, duly licensed with the City of New York Department of Consumer Affairs license number 1253378. The Plaintiff is the assignee and/or purchaser of all rights and privileges of the credit issuer  (to wit, GE MONEY BANK/CARE CREDIT) which issued a credit card to the Defendant(s).

      2.     That the Defendant(s) resides in the county in which this action is brought; or that the Defendant(s) transacted business within the county in which this action is brought in person or through his/her agent and that the instant cause of action arose out of said transaction.

## AS AND FOR A FIRST CAUSE OF ACTION

      3.     At the Defendant(s) request, the original creditor issued a **CREDIT CARD ACCOUNT NOW KNOWN AND NUMBERED AS: 6019183001652676,** to the Defendant(s) under a retail installment credit agreement by which the Defendant(s) agreed to pay for merchandise, loans and installments, and in the event of default, to pay reasonable attorney's fees.

      4.     The Defendant(s) or authorized members of the family, received cash, merchandise and/or credit on the credit card account and there is presently an unpaid balance due and owing to the Plaintiff in the sum of $1,916.47 with interest from 7/21/2009 and said defendant(s) is now in default of payment under the terms of said agreement, together with reasonable attorney's fees.

      5.     Payment of the defaulted balance has been duly demanded and remains unpaid.

      6.     A copy of the credit card agreement was mailed or delivered to the account holder.

      7.     That there is now due Plaintiff from Defendant(s) the amount of $1916.47   no part of which has been paid, although due & duly demanded.

## AS AND FOR A SECOND CAUSE OF ACTION

      8.     Plaintiff repeats and re-alleges all of the above allegations.

      9.     GE MONEY BANK/CARE CREDIT, assignor to Plaintiff herein, did, prior to the transfer of the title, rights and privileges of said account, furnish and deliver to Defendant(s) on or about 7/21/2009, a full, just and true statement of the unpaid balance due from Defendant(s) by use of said account.  That the Defendant(s) received, accepted and retained the accounting without rejection or objection being made.

      10.    By reason thereof, an account was taken and stated between Plaintiff and Defendant(s) which showed the balance on said account due and owing to plaintiff as $1,916.47 which remains unpaid.

**WHEREFORE,** Plaintiff demands judgment against Defendant(s) for the sum of $1,916.47 with interest from 7/21/2009 together with costs and disbursements of this action.

Dated: 12/6/10

**DANIELS & NORELLI, P.C.**
Attorneys for Plaintiff
1 Old Country Rd, Suite LL5
Carle Place, NY 11514
(866)-276-4734

**State of New York}**
**County of Nassau} s.s:**

I, the undersigned, an attorney-at-law, admitted to practice in the Courts of the State of New York, state that I am an attorney in the firm of Daniels & Norelli, P.C., the attorney of record for the Plaintiff in the within action; I have read the foregoing complaint and know the contents to be true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. The grounds of my belief as to all matters not stated upon my own knowledge are the records of the Plaintiff, which the Plaintiff has provided to me. I affirm that the foregoing statements are true under the penalties of perjury.

Affiant further says that the reason this verification is made by affiant and not by the said Plaintiff, is because Plaintiff is not located within the County in which the attorney maintains his office.

By: Joshua Bronstein, Esq.

**WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

# EXHIBIT B

# DANIELS & NORELLI, P.C.
## Attorneys at Law

Fred G. Daniels*
George H. Norelli
James P. Scully*
Isaac N. Tuchman
--------------------
Meredith L. Unger
Joshua R. Bronstein
Ira. R. Sitzer

Member of the N.Y. & N.J. Bar*

1 Old Country Road
Suite LL5
Carle Place, NY 11514
(866) 276-4734
(516) 338-7520
(516) 338-1063 Fax

February 23, 2011

PERSONAL & CONFIDENTIAL
SANDRA SAILSMAN
3015 Perry Ave 3g
Bronx, NY 10458

RE:  CACH, LLC   as assignee of GE MONEY BANK CARE CREDIT -v- SANDRA SAILSMAN
Original Creditor: GE MONEY BANK
Index # 02235/11
Amount Complained: $1,916.47
Account # 6019183001652676
Our Account #: 120000382643

Dear SANDRA SAILSMAN,

I understand that you were recently served with a copy of the within Summons & Complaint in regards to an unpaid GE MONEY BANK/CARE CREDIT credit card account.

Please be advised, you may be able to avoid further proceedings by contacting this office on or before 3/9/2011.   Failure to answer the complaint against you or amicably resolve to this matter may result in the entry of a default judgment against you.

I encourage you to contact this office so that we may further discuss available options.

Please govern yourself accordingly.

Very truly yours,
Daniels & Norelli, P.C.

We are attempting to collect a debt and any information
obtained will be used for that purpose.

# EXHIBIT C

Civil Court of the City of New York
County of Bronx

Index No:  **CV-002235-11/BX**

**ANSWER IN PERSON**
CONSUMER CREDIT TRANSACTION

CACH, LLC

—against—

SANDRA SAILSMAN

Defendant, SANDRA SAILSMAN, at 3015 PERRY AVE 3G, Bronx, NY 10458-   , answers the Complaint as

**Dated : 03/04/2011**
*(Check all that apply)*

1 ____ General Denial: I deny the allegations in the complaint

**SERVICE**

2 ____ I did not receive a copy of the summons and complaint

3 ____ I received the Summons and Complaint, but service was not correct as required by law.

**DEFENSES**

4 XX I do not owe this debt

5 ____ I did not incur this debt. I am the victim of identity theft or mistaken identity.

6 XX I have paid all or part of the alleged debt.

7 ____ I dispute the amount of the debt.

8 ____ I do not have a business relationship with Plaintiff. ( Plaintiff lacks standing.)

9 ____ The NYC Department of Consumer Affairs shows no record of plaintiff having a license to collect a debt.

10 ____ Plaintiff does not allege a debt collection license number in the Complaint.

11 ____ Statute of Limitations ( the time has passed to sue on this debt: more than six years.)

12 ____ The debt has been discharged in bankruptcy.

13 ____ The collateral (property) was not sold at a commercially reasonable price.

14 ____ Unjust enrichment (the amount demanded is excessive compared with the original debt.)

15 ____ Violation of the duty of good faith and fair dealing.

16 ____ Unconscionability (the contract is unfair.)

17 ____ Laches (plaintiff has excessively delayed in bringing this lawsuit to my disadvantage.)

18 ____ Defendant is in the military.

19 XX Other: DEBT PAID IN FULL          *SEE letter*

**OTHER**

20 ____ Please take notice that my only source of income is _____, which is exempt from collection.

**COUNTERCLAIM**

21 ____ Counterclaim(s): $ ____ Reason:

**This case is scheduled to appear on the calendar as follows:** April 12, 2011 in Part 11C - Non-Jury - Self-Represented
- Consumer Debt,
**Room 504 at 10:30 AM Both sides notified:** _____
To:

Daniels & Norelli, PC
1 Old Country Road, Suite LL5
Carle Place, NY 11514-

ID - DMV

**FILED**
CLERK'S OFFICE
MAR 0 4 2011
CIVIL COURT
BRONX COUNTY

**TO:  Civil Court of New York - County of Bronx**
**851 Grand Concourse**
**Bronx NY  10451**

**FROM:  Sandra L Sailsman**
**3015 Perry Avenue 3G**
**Bronx, NY  10458**

RE: Index (libro) No 02335-11,
    CACH, LLC  vs. Sandra L Sailsman
    CACH Account number: 12000382643
    RE:    G E Money Credit Care Account Number 6019 1830 0165 2676
        Credit Limit  $12000
        Amount Complained $1916.47

I, Sandra L. Sailsman, respectfully submit that these are the monies paid to Care Credit
/G. E. Money Bank for the year 2008, 2099 and 2010.  I believe that I have fully satisfied
any outstanding debt and owe nothing further.

| February 19, 2008 | $110 | May 19, 2008 | $274 | September 16, 2008 | $275 |
|---|---|---|---|---|---|
| March 17, 2008 | 140 | June 18, 2008 | 274 | October 20, 2008 | 275 |
| March 19, 2008 | 140 | July 21, 2008 | 275 | November 17,2008 | 335 |
| April 16, 2008 | 272 | August 21, 2008 | 275 | | |
| Sub total | $ 662 | | $1098 | | $885 |

**Total Paid in 2008    $2645**

| November 10, 2009 | April 30, 2010 |
|---|---|
| $11,000.00 | $ 1,000.00 |

**Grand Total Paid $14,645**

Attached are copies of my bank statements for all of the above with the exception of my
December 2008 statement which I cannot locate,  and  therefore did not include an
amount for this month.

Sandra L Sailsman

# EXHIBIT D

# DANIELS & NORELLI, P.C.
## Attorneys at Law

Fred G. Daniels*
George H. Norelli
James P. Scully*
Isaac N. Tuchman
-----------------
Meredith E. Unger
Joshua R. Bronstein
Ira R. Sitzer

Member of the N.Y. & N.J. Bar*

One Old Country Rd
Suite LL5
Carle Place, NY 11514

(866)276-4734
(516) 394-8780
Fax  (516) 338-7954

*2nd mailing*

March 15, 2011

SANDRA SAILSMAN
3015 Perry Ave 3g
Bronx, NY 10458

RE:  CACH, LLC as assignee of GE MONEY BANK/CARE CREDIT v. SANDRA SAILSMAN
Original Creditor: **GE MONEY BANK/CARE CREDIT**
**Original Account Number: 6019183001652676**
Our File Number: 120000382643
Previous Balance: $ 16,039.15
Current Balance: $4,039.15

Dear Sir/Madam:

    As per your conversation with this office on March 15, 2011 we have been authorized to receive and accept th
amount of **$4,039.15** as complete payment on the above stated account.  We acknowledge your previous payments
$11,000.00 paid on 12/21/2009 and $1,000.00 paid on 5/25/2010. The remaining balance of **$4,039.00** is due in this offic
on or before **3/30/2011.**

|   |   |
|---|---|
|   | $16,039.15  Previous Balance |
| - | $11,000.00 paid 12/21/2009 |
| - | $1,000.00 paid 5/25/2010 |
|   | **$4,039.15 Current Balance Due on or before 3/30/2011** |

    Your payment(s) must be made payable to "Daniels & Norelli, P.C., as attorneys for **CACH, LLC**" and maile
to the above address.
    Please take notice, any delay in the issuance of the payment checks past the payoff deadline, may make this enti
agreement null and void without further notice; and the total remaining balance together with accruing interest will be du
    To indicate your acceptance of this payment agreement, kindly sign a copy of this letter, and return it to m
immediately. By doing so you will also acknowledge your liability for this obligation and the accuracy of the informatic
contained in this letter.
    If you have any questions, please contact **Michelle Rivera** at Ext. **3055**. Thank you for your cooperation in th
matter.

Very truly yours,

_____
Fred G. Daniels, Esq./George H. Norelli, Esq.
James P. Scully, Esq./Meredith E. Unger, Esq.
Ira R. Sitzer, Esq./Joshua R. Bronstein, Esq.

Agreed:

_____
SANDRA SAILSMAN
    This is an attempt to collect a debt and any information obtained shall be used for that purpose.

# EXHIBIT E

Sandra L Sailsman
3015 Perry Ave
Apt 3G
Bronx, NY 10458-1720
April 3, 2011

Michelle Rivera
Daniels & Norelli, PC
Attorneys at Law
One Old Country Rd
Suite LL5
Carle Place NY 11514

Dear Ms Rivera;
   I have yet to receive the first mailing of your letter dated March 15. The second mailing was received April 2, 2011

   Regarding your file number: 12000038264; Creditor G.E. Money
   As of November 10, 2009 the total monies paid by me were $13,645 with a subsequent payment of $1,000 on April 30, 2010. bringing my total paid to the creditor $14,645. I was informed my total debt at the time was $13,916.47.

1 of 2

Please research this further with GE Money.

If you require further information from me please do so in writing to my home address.

Most sincerely

*Sandra Sexton*

# EXHIBIT F

# DANIELS & NORELLI, P.C.
## Attorneys at Law

FRED G. DANIELS*
GEORGE H. NORELLI
JAMES P. SCULLY*
ISAAC N. TUCHMAN
------------
MEREDITH E. UNGER
JOSHUA R. BRONSTEIN
IRA R. SITZER
------------
Also admitted in:
* New Jersey

ONE OLD COUNTRY ROAD
SUITE LL5
CARLE PLACE, N.Y. 11514

----------------
1-800-332-3306
1-516-338-7520
Fax 516-338-6060

April 20, 2011

TO:   SANDRA SAILSMAN
      3015 Perry Ave, 3G
      Bronx, NY 10458

           Re:   CACH, LLC  -v- SANDRA SAILSMAN
               Index No.: 02235/11
               Original Creditor: GE MONEY BANK / CARE CREDIT
               Original Account No: 6019183001652676
               Our Account No.: 120000382643
               Total Amount Sued for: $ 1,916.47

Dear SANDRA SAILSMAN:

     Enclosed please find Plaintiff's first set of Interrogatories.  If your client would like to settle this matter, please correspond with me within fifteen (15) days.

     If you have any questions, do not hesitate to contact the undersigned.  Thank you for your attention to this matter.

                       Very truly yours,

                       Joshua R. Bronstein

/ws
Encl.

**Federal Law Requires Us To Advise You That We Are Attempting To Collect A Debt
And Any Information Obtained Will Be Used For That Purpose.**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

CACH, LLC,

                             Plaintiff,

           -against-

SANDRA SAILSMAN,

                        Defendant(s).

INDEX NO.:
02235/11

PLAINTIFF'S
FIRST SET OF
INTERROGATORIES

The Plaintiff requests that the Defendant(s) answer under oath, and in accordance with CPLR Article 31, the following interrogatories:

1. Did you interpose an answer that includes a general denial of the allegations that were asserted in the complaint? [*If you answer "no" to this interrogatory, skip to interrogatory number 3.*]

2. If yes, what are the facts that you will tell the Court in support of your denials?

3. Does your answer deny your having been served with the summons and complaint and/or does the answer claim that service of the summons and complaint was not correct as required by law? [*If you answer "no" to this interrogatory, skip to interrogatory number 10.*]

4. If you answered yes to interrogatory number 3, on what date and how did you first learn of the existence of this court action?

5. If you answered yes to interrogatory number 3, what was the address where you lived on the date on which the affidavit of service claims you were served?

6. With regard to the address you provide in response to interrogatory number 5, do you have a lease, rent receipts or other papers that documents or proves your residence at that address? If yes, provide a copy of each document.

7. How many copies of the summons and complaint did you ultimately receive?

8. With regard to each copy that you received, on what date was each received; to what address was each copy delivered; and how was each copy delivered?

9. In what way did the service of the summons and complaint not comply with the law?

10. If your answer claims that you do not owe this debt, what are the facts that you will tell the Court to support of this claim?

11. If your answer claims that you did not incur this debt and that you are a victim of identity theft or mistaken identity, did you report the identity theft or mistaken identity to the original creditor, to the police or to any other person or entity? [*If you answer "no" to this interrogatory, skip to interrogatory number 13.*]

12. If your reply to interrogatory 11 is "yes", to whom did you make the report and what was the date of the report? Provide a copy of each report. If the report was not in writing, describe the content of the notice, and identify, by name, address and telephone number, the person who received the notice.

13.  Does your answer contain a claim that you paid all or part of the alleged debt? [*If you answer "no" to this interrogatory, skip to interrogatory number 15.*]

14.  If you answered "yes" to interrogatory 13, what payments did you make, and on what date was each payment made?  Annex a copy of each cancelled check, cash receipt or other document that you intend to show to the Court in order to prove payment.

15.  If your answer says that you dispute the amount of the debt, what are the facts that you will tell the Court explaining why you dispute the amount? [*If you answer "no" to this interrogatory, skip to interrogatory number 17.*]

16.  What amount, if any, do you acknowledge owing to the plaintiff?

17.  Does your answer contain a claim that you have no business relationship with the plaintiff? [*If you answer "no" to this interrogatory, skip to interrogatory number 21.*]

18.  If you answered "yes" to interrogatory number 17, what are the facts that you will tell the Court to support your claim?

19.  Did you have a business relationship with the company that originated the account with you?

20.  What is the name and address of the company that originated the account with you?

21.  Does your answer contain a claim that the NYC Department of Consumer Affairs shows no record of plaintiff having a license to collect a debt? [*If you answer "no" to this interrogatory, skip to interrogatory number 24.*]

22.  If you answered "yes" to interrogatory number 21, did you communicate with the Department of Consumer Affairs in writing, and did the Department respond to you in writing?  If yes, provide a copy of your communication and of the Department's response.

23.  Do you have any other documentation proving that the plaintiff does not have a license to collect a debt?  If yes, provide a copy of each document.

24.  Does your answer contain a claim that the plaintiff did not allege a debt collection license in the complaint?  [*If you answer "no" to this interrogatory, skip to interrogatory number 26.*]

25.  What are the facts that you will tell the Court in support of your claim that the plaintiff is required to be licensed in order to collect this obligation?

26.  Does your answer contain a claim that the statute of limitations bars this action and that the time to sue on this debt has passed? [*If you answer "no" to this interrogatory, skip to interrogatory number 28.*]

27.  If you answered "yes" to interrogatory number 26, what was the date on which you failed to pay the obligation, and what was the date and amount of the last payment made by you toward the debt?

28.  Does your answer contain the claim that this debt has been discharged in bankruptcy? [*If you answer "no" to this interrogatory, skip to interrogatory number 30.*]

29.  If you answered "yes" to interrogatory number 28, what is the case number of your bankruptcy filing; in what Court and District did you file; on what date was the petition filed; and on what date was your discharge granted?  Provide a copy of your schedule of creditors and a copy of the discharge order.

30.  Does your answer claim that the collateral (property) was not sold at a commercially reasonable price? [*If you answer "no" to this interrogatory, skip to interrogatory number 32.*]

31.  If you answered "yes" to interrogatory number 30, what was the retail value and what was the wholesale value of the property on the date of the repossession?  Provide a copy of all documents, including condition reports, appraisals, evaluations, that you will submit to the Court to support your claim as to the value of the property.

32.  Does your answer allege unjust enrichment (the amount demanded is excessive compared with the original debt)? [*If you answer "no" to this interrogatory, skip to interrogatory number 34.*]

33.  If you answered "yes" to interrogatory number 32, what are the facts that you will tell the Court in order to explain this claim?  When answering this question, state the amount of the original claim, and the amount of the difference that you believe is excessive.

34. Does your answer contain a claim that the plaintiff has violated the duty of good faith and fair dealing? [*If you answer "no" to this interrogatory, skip to interrogatory number 36.*]

35. If you answered "yes" to interrogatory number 34, what are the facts that you will tell the Court to support your claim of bad faith and unfair dealing?

36. Does your answer contain a claim of unconscionability (the contract is unfair)? [*If you answer "no" to this interrogatory, skip to interrogatory number 38.*]

37. If you answered "yes" to interrogatory number 36, which specific provisions and paragraphs of the contract do you claim are unfair, and what facts will you tell the Court in order to explain the unfairness?

38. Does your answer contain a claim of laches (plaintiff has excessively delayed in bringing this lawsuit to my disadvantage)? [*If you answer "no" to this interrogatory, skip to interrogatory number 40.*]

39. If you answered "yes" to interrogatory number 38, what is the nature of the disadvantage that you claim?

40. Does your answer contain an allegation that the defendant is in the military? [*If you answer "no" to this interrogatory, skip to interrogatory number 42.*]

41.  If you answered "yes" to interrogatory number 40, do you have service records to support this claim?  Provide a copy of your orders.

42.  Does your answer contain any "other" defenses?  [*If you answer "no" to this interrogatory, skip to interrogatory number 44.*]

43.  If you answered "yes" to interrogatory number 42, what are the facts that you will tell the Court to support this defense?

44.  Does your answer contain a claim that your only source of income is exempt from collection? [*If you answer "no" to this interrogatory, skip to interrogatory number 46.*]

45.  If you answered "yes" to interrogatory number 44, what is the source of the income, and what is the nature of the exemption?  Provide copies of all awards and payment notices that show the source of the exempt funds.

46.  Does your answer contain a counterclaim?  [*If you answer "no" to this interrogatory, skip to the signature line.*]

47.  If you answered "yes" to interrogatory number 46, what are the facts that you will tell the Court in support of your counterclaim?

48.  If you answered "yes" to interrogatory number 46, how did you calculate the amount demanded by you?  Provide copies of all estimates, appraisals and other documents that you show to the Court in support of you counterclaim.

49. In reference to Defendant's Answer, explain why Defendant does not owe the full amount owed, and state how much Defendant admits to owing. Provide any and all supporting documentation, including copies of any payments made on the account.

PLEASE TAKE FURTHER NOTICE that a copy of the answers to these interrogatories must be served upon the undersigned within 20 days of the service of these interrogatories.

Dated:  Carle Place, New York
        April 20, 2011

By:  _____
     JOSHUA R BRONSTEIN, ESQ.
     Daniels & Norelli, P.C.
     Attorneys for Plaintiff
     One Old Country Road, Suite LL5
     Carle Place, NY 11514
     516-338-7520

To:    SANDRA SAILSMAN
       3015 Perry Ave, 3G
       Bronx, NY 10458

THIS COMMUNICATION IS FROM A DEBT COLLECTOR, AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

# EXHIBIT G



BATTLES & NORRELL, P.C.

SANDRA SAILSMAN
3015 PERRY AVE, 3G
BRONX, NY 10458

# EXHIBIT H

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: Part 35C
-----------------------------------------------------------X

CACH, LLC,

INDEX NO. 02235/11

                        Plaintiff,

                                        **NOTICE OF MOTION TO**
                                        **GRANT SUMMARY**
                                        **JUDGMENT IN FAVOR OF**
                                        **PLAINTIFF**

      -against-

SANDRA SAILSMAN,

                        Defendant.
-----------------------------------------------------------X

   **PLEASE TAKE NOTICE,** that upon the annexed affidavit of Plaintiff, sworn to on

May 20, 2011, and the exhibits annexed thereto; the affirmation dated June 9, 2011 of Ira R.

Sitzer, Esq., an associate of the law offices of Daniels & Norelli, P.C., attorneys for the Plaintiff,

and the exhibits annexed thereto; the Plaintiff will move at the **CIVIL Court of the CITY of**

**NEW YORK, County of BRONX, located at 851 GRAND CONCOURSE, BRONX, NY**

**10451 on** July 22 **, 2011, at 9:30 a.m., Room 504 , Motion Part 35C  of this Court ,**

**in which appearances are required,** for Plaintiff to be heard for an Order pursuant to CPLR

§ 3212 directing the entry of Summary Judgment in favor of the Plaintiff and against the

Defendant upon the cause(s) of action set forth in the complaint for the reason that there is no

defense or if there was one, it did not have merit.

   The above-entitled action is for a Contract action. This action is on a trial calendar for

07/06/11. The calendar number is S-11-BX-002353.

**THIS NOTICE IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

with drawn
lg 7/22/11

**PLEASE TAKE FURTHER NOTICE**, that pursuant to CPLR § 2214(b), answering

affidavits, if any, must be served upon the undersigned at least seven (7) days prior to the return

date of this motion.

Dated:   Carle Place, New York
         June 9, 2011

                                        _____
                                        Ira R. Sitzer, Esq.
                                        Daniels & Norelli, P.C.
                                        One Old Country Road, #LL5
                                        Carle Place, NY 11514
                                        (800) 332-3306

To:    SANDRA SAILSMAN
       3015 Perry Ave 3g
       Bronx, NY 10458

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------X

CACH, LLC,                                    INDEX NO.  02235/11

                        Plaintiff,            **AFFIRMATION IN**
                                              **SUPPORT OF MOTION TO**
                                              **GRANT SUMMARY JUDGMENT**
                                              **IN FAVOR OF PLAINTIFF**

            -against-

SANDRA SAILSMAN,
                        Defendant.
--------------------------------------------------------X

Ira R. Sitzer, Esq., an attorney duly admitted to the practice of law in the State of New

York, hereby affirms the following to be true pursuant to CPLR § 2106 and under the penalties

of perjury states that:

1. I am an associate of the law firm of Daniels & Norelli, P.C., attorneys for CACH,

LLC (hereinafter the "Plaintiff"), and as such, I am fully familiar with the facts and

circumstances herein.

2. I make this affirmation in support of Plaintiff's motion to grant summary judgment in

favor of the Plaintiff and against SANDRA SAILSMAN (the "Defendant"), in the amount of

$1,916.47, together with statutory interest from 7/21/2009 and costs of this action.

3. As set forth more fully below and in the accompanying Plaintiff's Affidavit,

Defendant opened and maintained the credit card Account with Plaintiff's predecessor, monthly

statements were mailed to Defendant, Defendant failed to make the required payments, Plaintiff

is now the current owner of the Defendant's account and there is a balance due and owing.  As of

the date of this affirmation, the debt has not been assigned or sold to another entity. On this basis

alone, Plaintiff's Motion for Summary Judgment should be granted as a matter of law.

4. This action was commenced by the purchase of index number 2235 on 01/07/11. Service of the Summons and Verified Complaint was made upon the Defendant on 02/08/11, pursuant to CPLR 308(2). A copy of the Summons, Verified Complaint and Affidavit of Service are annexed hereto as Exhibit "A".

5. The Defendant filed an Answer with the Court on 03/04/11. A copy of the Answer is annexed hereto as Exhibit "B".

### Plaintiff Should Be Granted Summary Judgment

6. " To obtain summary judgment, it is necessary that the movant establish his cause of action or defend 'sufficiently to warrant the court as a matter of law in directing judgment' in his favor (CPLR 3212[b]), and he must do so by tender of evidentiary proof in admissible form". See Zuckerman v. New York City Transit Auth., 49 N.Y..2d 557, 404 N.E.2d 718, 427 N.Y.2d 595.

7. When the party seeking summary judgment demonstrates entitlement to judgment the burden shifts to the opponent to " rebut that prima facie showing". (Bethlehem Steel Corp: v. Solow, 51 NY2d 870, 872 [1980], by producing "evidentiary proof in admissible form sufficient to require a trial of material questions of fact." (GTF Mktg. V. Colonial Aluminum Sales, 66 NY2d 965, 968 [1985]; Zuckerman v. City of New York, 49 NY2d 557, 562 [1980]. In opposing such a motion, the party must "lay bare" its evidentiary proof. (Silberstein, Awad & Miklos P.C. v. Carson, 304 AD 2d 817, 818 [2d Dept 2003]). Conclusory allegations are insufficient to defeat the motion. (Zuckerman v. City of New York, 49 NY2d at 562).

8. "[t]he absence of an underlying agreement, if established, would not relieve [defendant] of his obligation to pay for goods and services received on credit", Citibank (S.D.) N.A. v. Roberts, 304 A.D.2d 901, 757 N.Y.S.2d 365, see also Great Seneca Fin. Corp. v. Brown, 18 Misc. 3d 140A (Appellate Term, First Dept., 2008).

### Amount claimed is due

9. Defendant alleges that she does not owe this debt as she paid her debt in full. Defendant's allegation is vague and unsubstantiated. In order to demonstrate a meritorious defense, a party must make sufficient factual allegations and must do more than merely make conclusory allegations or vague assertions. Peacock -v- Kalikow, 658 NYS 2d 7, see also Mandell -v- Stein, 183 AD 2d 488.

10. Defendant maintained the underlying credit card account for almost two (2) years, in which payments and charges were posted on a revolving basis, and account statements were accepted and retained without objection. Additionally, the account statements annexed hereto were addressed to the Defendant at the same address that Defendant states is her current residence. Subsequently, Defendant defaulted on the account stated. The final account statement dated 07/21/09 indicates the balance in the amount of $13,916.47 being charged-off. Thereafter Defendant made voluntary payments totaling $12,000.00, leaving an amount due of $1,916.47, which is the amount claimed herein. Plaintiff's affidavit and annexed documentation supports the underlying claim. Defendant's defense is without merit.

11. The Defendant's receipt and retention of a Plaintiff's account without objection within a reasonable period of time entitles the Plaintiff to summary judgment on the account. An action for an account stated is not an action by the card issuer to enforce liability for use of the credit card and it is unnecessary for Plaintiff to set forth the subject matter of the original debt to establish its cause of action for an account stated. Citibank (South Dakota), N.A. v. Macarle, 11 Misc. 3d 128A, 815 N.Y.S.2d 493 (App. Term, Second Dept., 2006); see also Morrison Cohen

Singer & Weinstein, LLP v. Waters, 13 A.D.3d 51, 786 NYS 2d 155 (App. Div., First Dept., 2004); Citibank (SD) N.A. v. Reine, 14 Misc. 3d 130A; 836 N.Y.S.2d 484.

12. The receipt and retention of a bill, without objection within a reasonable time, gives rise to an actionable account stated independent of the original obligation, see Fink, Weinberger, Fredman, Berman & Lowell, P. C. v. Petrides, 80 A.D.2d 781, 437 NYS 2d 1 (App. Div. First Dept.).

13. It is well settled that a motion for summary judgment should be granted where, as here, a thorough examination of the merits clearly demonstrates the absence of any genuine or triable issues of fact, and, thus, there is no necessity for a trial. See, e.g., St. Paul Industrial Park, Inc. v. New York State Urban Development Corp., 63 A.D.2d 822, 406 N.Y.S.2d 178 (N.Y. App. Div. 4th Dep't 1978).

14. No previous application for the relief requested herein has been made.

WHEREFORE, Plaintiff respectfully requests an Order pursuant to CPLR § 3212 directing the entry of Summary Judgment in favor of the Plaintiff and against the Defendant in the amount of $1,916.47 together with statutory interest at the rate of 9.0% from 7/21/2009 and statutory costs of this action.

Dated:    Carle Place,  New York
          June 9, 2011

Ira R. Sitzer, Esq.,
Daniels & Norelli, P.C.
Attorneys for Plaintiff
One Old Country Road, #LL5
Carle Place, NY 11514
(800) 332-3306

To:   SANDRA SAILSMAN
       3015 Perry Ave 3g
       Bronx, NY 10458

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

1

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------X     INDEX NO. 02235/11

CACH, LLC,

                     Plaintiff,

      -against-

SANDRA SAILSMAN,

                 Defendant.
------------------------------------------------------X

**PLAINTIFF'S AFFIDAVIT
IN SUPPORT OF MOTION
TO GRANT SUMMARY
JUDGMENT IN FAVOR OF
PLAINTIFF**

STATE OF COLORADO   ) ss:
COUNTY OF DENVER    )

              TOM VIGIL_____, being duly sworn, deposes and says:

    1. I am an authorized agent and custodian of record of CACH, LLC (hereinafter referred to as "Plaintiff"). I make this Affidavit in support of Plaintiff's motion, which seeks summary judgment in favor of the Plaintiff and against SANDRA SAILSMAN (the "Defendant") in the amount of $1,916.47 together with interest at the rate of nine percent (9%) from 7/21/2009 and costs of this action.

    2. As part of my duties for Plaintiff, I am personally familiar with the manner and method by which Plaintiff creates and maintains its books and records, including computer records of credit card accounts such as the credit card account of Defendant. I have personally reviewed Plaintiff's business records relating to the facts stated in this Affidavit concerning Defendant's credit card account.

    3. This action was brought by Plaintiff to recover the unpaid balance due and owing by Defendant on a credit card issued by GE MONEY BANK, identified by account number now known by 6019183001652676 (the "Account").

    4. Based upon the documentation as provided by the original creditor, pursuant to the express terms of the agreement, the agreement became binding upon the first use of the credit

card and Defendant became responsible for paying the outstanding balance owed on the account.
A copy of the terms of the card member agreement is annexed hereto as Exhibit " C ".

5.   Based upon the documentation as provided by the original creditor, Defendant after
having had the use and benefit of the subject credit card account, Defendant breached the
Agreement between the parties by failing to make the payments due as required by the
Agreement.

6. Based upon the documentation as provided by the original creditor, account statements
were mailed to the Defendant advising Defendant of said delinquency and demanding payment.
The delinquent statements contained a statement of what was due and owing and it was never
challenged.  Despite due demand for same, Defendant has failed and continues to fail to make
payment.  Defendant became responsible for paying outstanding balance owed on the account in
accordance with the agreement. Copies of the statements of account, currently in Plaintiff's
possession, are annexed hereto as Exhibit " D ".

7. Based upon the documentation as provided by the original creditor, credit was
extended credit to the Defendant to pay for various goods and services charged to the Account.
By valid assignment Plaintiff, CACH, LLC, as the successor in interest, is contractually entitled
to collect the amount owed on the Account. A copy of the Assignment is annexed hereto as
Exhibit " E ". As of the date of this affidavit, the debt has not been assigned or sold to
another entity.

8. Based upon the documentation as provided by the original creditor, Defendant never
disputed the validity of the balance owed or notified of any recognizable defenses, claims, offsets
or counterclaims to the balance due and owing, and, as such, an account stated was created.

3

9.  As of the date hereof, there is due and owing by Defendant to Plaintiff the amount of $1,916.47 together with interest at the rate of nine percent (9%) from 7/21/2009 and costs of this action.



Sworn to me on _____ MAY 2 0 2011 _____

_____
Notary Public

4

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

CACH, LLC,                                                   Index No.: 02235/11

                                        Plaintiff,

             -against-
                                                            **CERTIFICATE OF**
                                                            **CONFORMITY**
SANDRA SAILSMAN,

                                        Defendant.
-------------------------------------------------------------------X

STATE OF COLORADO    )
                     )   ss.:
COUNTY OF DENVER     )


    I, __Elizabeth E. Garcia__ [1], an attorney and counselor at law of the State of
COLORADO, certify that I am fully acquainted with the laws of the State of COLORADO
pertaining to the acknowledgment of proofs of deeds of real property; I certify that I am qualified
to make this certificate of conformity; and I certify that the acknowledgment or proof on the
notarization on the attached document, taken by **KATARZYNA KRASZEWSKA** a notary public of
the State of COLORADO, on ___05 2011___ [3], was taken in the manner
prescribed by the laws of the State of COLORADO, and conforms to those laws in all respects.

    In witness thereof, I set my hand and affixed my seal on __05201__ [4].


_____
Signature


[1] Insert the name of the attorney.
[2] Insert the name of the notary.
[3] Insert the date of the notarization.
[4] Insert the date attorney signed.



| COURT: | INDEX#: 02235-11 |
| --- | --- |
| CIVIL COURT OF THE CITY OF NEW YORK COUNTY OF BRONX | DATE PURCHASED: 01/07/2011 |

PLAINTIFF/PETITIONER:
CACH, LLC

DEFENDANT/RESPONDENT(S):
SANDRA SAILSMAN

DOCUMENTS:
SUMMONS AND VERIFIED COMPLAINT

STATE OF NEW YORK NASSAU      ss:

WALID MOUSA RAMADAN, the undersigned, being duly sworn, deposes and says:

I am over the age of 18 years, I reside in the state of New York and am not a party to this action.

On 02/08/2011 at 10:00 AM, deponent served the aforementioned documents on SANDRA SAILSMAN at 3015 PERRY AVE 3G, BRONX, NY 10468 in the manner indicated below:

MANNER OF SERVICE:
By delivering and leaving a true copy or copies of the aforementioned documents with said "JANE DOE", CO-OCCUPANT a person of suitable age and discretion. Person spoken to stated that said premises is intended recipient's residence within the state of New York. On 02/11/2011 deponent deposited in the United States Post Office a true copy or copies of the aforementioned documents properly enclosed and sealed in a post-paid envelope addressed to said Defendant(s) at 3015 PERRY AVE 3G, BRONX, NY 10468. Copy mailed first class mail marked PERSONAL AND CONFIDENTIAL not indicating on the outside thereof, by return address or otherwise that said notice is from an attorney or concern an action against the person to be served. Deponent asked the indicated person whether the defendant and/or present occupant was presently in the military service of the United States Government or on active duty in the military service of the State of New York or a dependant or anybody in the military and was told defendant and/or present occupant was not.

DESCRIPTION OF PERSON SPOKEN TO/PAPERS LEFT WITH:
Sex: Female - Skin: Black - Hair: Black - Age: 41-49 - Height: 5'0"-5'3" - Weight: 150 - 174 lbs
Other: RECIPIENT REFUSED TO REVEAL NAME

Sworn to and subscribed before me on
02/11/2011

ANTHONY J BARONE
Notary Public, State of New York
No. 01BA4801103
Qualified in NASSAU
Commission Expires 02/28/2014

X
WALID MOUSA RAMADAN
License#: 1678369

Atty#: 12000382843-261-14

Civil Court of the City of New York
County of Bronx

Index No: **CV-002235-11/BX**

**ANSWER IN PERSON**
CONSUMER CREDIT TRANSACTION

CACH, LLC
            -against-
SANDRA SAILSMAN

Defendant, SANDRA SAILSMAN, at 3015 PERRY AVE 3G, Bronx, NY 10458-    , answers the Complaint as

**Dated : 03/04/2011**
*(Check all that apply)*

1 _____ General Denial: I deny the allegations in the complaint

**SERVICE**

2 _____ I did not receive a copy of the summons and complaint

3 _____ I received the Summons and Complaint, but service was not correct as required by law.

**DEFENSES**

4 XX I do not owe this debt

5 _____ I did not incur this debt. I am the victim of identity theft or mistaken identity.

6 XX I have paid all or part of the alleged debt.

7 _____ I dispute the amount of the debt.

8 _____ I do not have a business relationship with Plaintiff. ( Plaintiff lacks standing.)

9 _____ The NYC Department of Consumer Affairs shows no record of plaintiff having a license to collect a debt.

10 _____ Plaintiff does not allege a debt collection license number in the Complaint.

11 _____ Statute of Limitations ( the time has passed to sue on this debt: more than six years.)

12 _____ The debt has been discharged in bankruptcy.

13 _____ The collateral (property) was not sold at a commercially reasonable price.

14 _____ Unjust enrichment (the amount demanded is excessive compared with the original debt.)

15 _____ Violation of the duty of good faith and fair dealing.

16 _____ Unconscionability (the contract is unfair.)

17 _____ Laches (plaintiff has excessively delayed in bringing this lawsuit to my disadvantage.)

18 _____ Defendant is in the military.

19 XX Other: DEBT PAID IN FULL

**OTHER**

20 _____ Please take notice that my only source of income is _____, which is exempt from collection.

**COUNTERCLAIM**

21 _____ Counterclaim(s): $       Reason:

This case is scheduled to appear on the calendar as follows: April 12, 2011 in Part 11C - Non-Jury - Self-Represented
- Consumer Debt,
Room 504 at 10:30 AM Both sides notified: _____

To:
            Daniels & Norelli, PC                    ID - DMV
            1 Old Country Road, Suite LL5
            Carle Place, NY 11514-

**FILED**
CLERK'S OFFICE
MAR 0 4 2011
CIVIL COURT
BRONX COUNTY

# GE MONEY BANK
# CREDIT CARD AGREEMENT

You need not accept this credit card or any use or service. If you use it, you are accepting and agreeing to be bound by all of its terms.

**1. GENERAL.** This Agreement ("Agreement") governs your CareCredit credit card Account ("Account"). In this Agreement and your billing statement ("Statement"), "you," "us," and "our" refer to GE Money Bank, 4246 South Riverboat Rd., Suite 200, Salt Lake City, Utah 84123. "you," "your" and "yours" means each applicant and co-applicant for the Account. "Card" means either of the cards you have or someone authorized by you to use the Account.

**2. USE OF ACCOUNT.** You may use your Account (i) to purchase goods and services ("Purchases"), (ii) to obtain Cash Advances. We want you to be able to use your Account to the fullest extent provided by this Agreement.

**3. PROMISE TO PAY.** You promised to pay us in full all that we extend on your Account for Purchases, Balance Transfers, Cash Advances, and all other amounts owed to you under the terms of this Agreement.

**4.** We calculate the Periodic Finance Charge separately for Purchases and Cash Advances.

**5. PERIODIC FINANCE CHARGES.**

**6. PERIODIC RATES.**

**A.** The Periodic Rate for your Purchase Balance is the Purchase Standard Rate.

**B.** The periodic Finance Charges will be determined separately for each billing period.

---

## Important Notes About Your Choice

Please understand that, even if you opt out as described above, we will continue to share information with Provider and its affiliates and program sponsors (as applicable)/associated with this Account, and with GEMB Affiliates.

If you have a joint account, a request by one will apply to all parties on the Account.

We will process your request promptly.

**Vermont Residents** - If you live in Vermont, we will not share information about your Account.

## How This Policy Applies to You

Your Access to Information - We provide you access to information about your Account.

---

## Information We Share with Others

We may use and share all of the information we collect, subject to law, with the following.

- **Provider** and its affiliates and program sponsors (as applicable), to use in connection with the Account.
- **Service Providers and program sponsors** - We may share information to assist us in servicing Accounts.
- **Financial institutions** with whom we jointly offer financial products.
- **GEMB's affiliates**, who are other companies in the General Electric Company corporate family ("GEMB Affiliates").
- **Others** - We report Account information, such as credit limit, balances.

### Your Choice

**[It's Your Choice]** - You have the right to opt out of our sharing of information with certain third parties.

If you opt out, you will help us by directing us as follows:

- **Third Parties.**

---

For account information, visit us at www.goodhnesservice.com

(11)                    (12)                    (1)                    M-76049

**8. PAYMENTS.**

**9. FEES.** You agree to pay the following fees.

**10. SECURITY INTEREST.**

- Judgment/Appeals. Any court having jurisdiction may enter judgment upon the arbitrator's award. The arbitrator's decision will be final and binding, except for (1) any appeal right under the FAA; and (2) any party may appeal any award relating to Claims of more than $100,000 to a three-arbitrator panel appointed by the administrator, which will reconsider de novo any aspect of the appealed award. Costs of such an appeal will be borne by the appellant regardless of the outcome of the appeal. If you request it, we will consider in good faith a request that we pay any additional fees of the administrator or arbitrator.

IMPORTANT LIMITATIONS AND RESTRICTIONS. IF A CLAIM GOES TO ARBITRATION, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO (1) HAVE A COURT OR A JURY DECIDE THE CLAIM; (2) ENGAGE IN INFORMATION-GATHERING (DISCOVERY) TO THE SAME EXTENT THAT YOU OR WE COULD IN COURT; (3) PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION, EITHER AS A CLASS REPRESENTATIVE, CLASS MEMBER OR OTHERWISE; OR (4) JOIN OR CONSOLIDATE CLAIM(S) WITH CLAIMS INVOLVING ANY OTHER PERSON. THE RIGHT TO APPEAL IS MORE LIMITED IN ARBITRATION THAN IN COURT. OTHER RIGHTS THAT YOU OR WE WOULD HAVE IN COURT MAY ALSO NOT BE AVAILABLE IN ARBITRATION. THE ARBITRATOR'S AUTHORITY IS LIMITED TO CLAIMS BETWEEN YOU AND US ALONE. CLAIMS MAY NOT BE JOINED OR CONSOLIDATED UNLESS YOU AND WE AGREE IN WRITING. AN ARBITRATION AWARD AND ANY JUDGMENT CONFIRMING IT WILL APPLY ONLY TO THE SPECIFIC CASE AND CANNOT BE USED IN ANY OTHER CASE EXCEPT TO ENFORCE THE AWARD. THE ARBITRATOR SHALL NOT HAVE THE POWER TO CONDUCT ANY FORM OF CLASS OR CONSOLIDATED ARBITRATION. NOTWITHSTANDING ANY OTHER PROVISION OF THIS AGREEMENT AND WITHOUT WAIVING EITHER PARTY'S RIGHT TO APPEAL SUCH DECISION, SHOULD ANY PORTION OF THIS PARAGRAPH BE DEEMED INVALID OR UNENFORCEABLE, THEN THE ENTIRE ARBITRATION PROVISION (OTHER THAN THIS SENTENCE) SHALL BE DEEMED INVALID AND UNENFORCEABLE.

This arbitration provision will survive the limitation of your Account and the Card and will remain in force if you voluntarily pay your Account in full, or in case of any conflict or inconsistency, this Agreement controls over any rules and procedures of the arbitration administrator.

22. GOVERNING LAW. Except as provided in the arbitration provision, this Agreement and your Account and any claim, dispute or controversy arising from or relating to this Agreement or your Account, whether in contract, tort, fraud and otherwise, are governed by and construed in accordance with federal law, and to the extent that state law applies, the laws of the State of Utah (without regard to internal principles of conflicts of law). The legality, enforceability and interpretation of this Agreement and the amounts contracted for, charged and received under this Agreement will be governed by such laws. This Agreement is entered into between you and us in Utah. We make decisions about granting credit to you from, and extend credit to you under this Agreement from, and accept your payments in Utah.

23. ASSIGNMENT. We may sell, assign or transfer any or all of our rights or obligations under this Agreement or your Account, including our rights to payments, without prior notice to you. You may not sell, assign or transfer any of your rights or obligations under this Agreement or your Account.

24. SEVERABILITY. If any provision of this Agreement is determined to be void or unenforceable under applicable law, all other provisions of this Agreement shall still be valid and enforceable.

---

25. ENTIRE AGREEMENT. This Agreement, together with any application you signed or otherwise submitted in connection with the Account (which is hereby incorporated by reference in this Agreement), constitutes the entire agreement between you and us relating to your Account and supersedes any other prior or contemporaneous agreement between you and us relating to your Account. This Agreement may not be amended except in a writing signed by us. This is not the location of the agreement to which any provisions of this Agreement shall apply. No course of dealing or anything else shall be used to supplement or modify in any way the provisions of this Agreement.

---

## FEDERAL AND STATE NOTICES

NEW JERSEY RESIDENTS: Because certain provisions of this Agreement are subject to applicable laws, they may not be void, unenforceable or inapplicable in some jurisdictions. None of these provisions, however, is void, unenforceable or inapplicable in New Jersey.

PUERTO RICO RESIDENTS: You may request a copy of this Agreement in Spanish.

Your signature on the application or sales slip for the initial Purchase approved on the Account represents your signature on this Agreement and is incorporated by reference.

*(signature)*

Mark D. Hayes
Vice President, Marketing
GE Money Bank
4246 South Riverboat Rd., Suite 200
Salt Lake City, UT 84123-2551

Notice: The following is important information regarding your right to dispute billing errors.

## YOUR BILLING RIGHTS
### KEEP THIS NOTICE FOR FUTURE USE

This notice contains important information about your rights and our responsibilities under the Fair Credit Billing Act.

**Notify Us In Case of Errors or Questions About Your Bill**
If you think your bill is wrong, or if you need more information about a transaction on your bill, write us (on a separate sheet) at the address shown on your Statement/contact Right side. Write to us as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.

In your letter, give us the following information:

- Your name and Account number.
- The dollar amount of the suspected error.
- Describe the error and explain, if you can, why you believe there is a mistake. If you need more information, describe the item you are not sure about.

---

Your Rights and Our Responsibilities After We Receive Your Written Notice. We must acknowledge your letter within 30 days, unless we have corrected the error by then. Within 90 days, we must either correct the error or explain why we believe the bill was correct.

After we receive your letter, we cannot try to collect any amount you question, or report you as delinquent. We can continue to bill you for the amount you question, including finance charges, and we can apply any unpaid amount against your credit limit. You do not have to pay any questioned amount while we are investigating, but you are still obligated to pay the parts of your bill that are not in question.

If we find that we made a mistake on your bill, you will not have to pay any finance charges related to any questioned amount. If we didn't make a mistake, you may have to pay finance charges, and you will have to make up any missed payments on the questioned amount. In either case, we will send you a statement of the amount you owe and the date it is due.

If you fail to pay the amount that we think you owe, we may report you as delinquent. However, if our explanation does not satisfy you and you write to us within ten days telling us that you still refuse to pay, we must tell anyone we report you to that you have a question about your bill. And, we must tell you the name of anyone we reported you to. We must tell anyone we report you to that the matter has been settled between us when it finally is.

If we don't follow these rules, we can't collect the first $50 of the questioned amount, even if your bill was correct.

Special Rule for Credit Card Purchases. If you have a problem with the quality of property or services that you purchased with a credit card, and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the property or services. There are two limitations on this right:

(a) You must have made the purchase in your home state or, if not within your home state, within 100 miles of your current mailing address; and

(b) The purchase price must have been more than $50.

These limitations do not apply if we own or operate the merchant, or if we mailed you the advertisement for the property or services.

---

## PRIVACY POLICY

This Privacy Policy describes our information collection and sharing practices. Please read it carefully and retain with your records for the Account. This policy applies to current and former consumer customers. This policy applies to the consumer credit Account of GE Money Bank ("GEMB," "we," "us," or "our"). In this policy, the term "Provider" refers to both CareCredit LLC and each participating professional that accepts the CareCredit card.

Information We Collect – We collect personally identifiable information about you (such as name, address, phone number, social security number) from the following sources:

- Information we receive from you on applications or other forms, over the telephone, or in electronic communications (such as income, employment information, account balances, payment history);
- Information about your transactions with us, Provider, CareCredit LLC and each participating professional;
- Information we obtain from a third party, such as a credit bureau (such as information about your credit history); and
- Information from other outside sources regarding their credit. Occasionally, we may also collect information about you from "cookies" (small pieces of data stored by your Internet browser on your hard drive) when you provide us with customized content, among other things.

2109

| | | | | | |
|---|---|---|---|---|---|
| $1,125.00 | $700.00 | 03/17/2009 | $58.78 | See Comp'd Below | $1,181.76 |

Fill in Amount
Completely.   $ ☐☐☐☐☐.☐☐

Payment due includes 755.00 past due.   Please pay the past due amount PROMPTLY.

Note: If we have a Promotional Purchase Ending.  See Promotional Purchase Summary Below For Details.

☐ New address or e-mail?
   Check the box at left and
   print changes on back

15072300165367
Mail Payments to:  GE MONEY BANK
                   PO BOX 960061
                   ORLANDO, FL 32896-0061

SANDRA L SALSMAN
3015 PERRY AVE APT 3G
BRONX NY 10458-1721

!104581721371!

!328960061618!

01181760035500  011817601205676   000601918 . 3001652 67662

Pay online at www.gaonlineservice.com or enclose this coupon with your check to GE MONEY BANK. Please see blue ink back info.

CARE CREDIT/GEMB                                    GE Money

For Customer Service visit us online at www.gaonlineservice.com  or call 1-866-893-7864 to report your card lost or stolen.

**ACCOUNT INFORMATION**

| | |
|---|---|
| Account Number | 6019 1830 0165 2676 |
| Statement Date | 08/22/2009 |
| Payment Due Date | 03/17/2009 |
| Minimum Payment This Period | $422.00 |
| Amount Past Due | $700.00 |
| Total Minimum Payment Due | $1,125.00 |
| Over limit Amount | $58.78 |
| Suggested Payment | $1,181.76 |
| Days This Period | 31 |

PAYMENT DUE BY 5 P.M. ON THE DUE DATE
We may convert your payment into an electronic debit.
See reverse side.

**BALANCE SUMMARY**

| | |
|---|---|
| • Previous Balance | $11,797.18 |
| • New Purchases / Balance Transfers | $0.00 |
| • Payments | $0.00 |
| +/- Credits, Fees & Adjustments (net) | $39.00 |
| +/- FINANCE CHARGE / Transaction Fees (net) | $220.58 |
| • New Balance | $12,056.76 |

| | |
|---|---|
| Credit Limit | $12,000.00 |
| Available Credit | $0.00 |

**TRANSACTIONS**

| Trans Date | Post Date | Reference Number | Description | Amount |
|---|---|---|---|---|
| 02/14/2009 | 02/14/2009 | | LATE FEE | $39.00 |
| 02/22/2009 | 02/22/2009 | | "FINANCE CHARGE" | $220.58 |

Note: The first payment for your promo purchase(s) is due prior to a scheduled Due Date on your Account. You must pay your promo balance(s) in full by the Promotional Expiration Date(s) to avoid being billed finance charges from the date of purchase. See Promotional Purchase Summary below for your Promotional Expiration Date(s) and details.

**PROMOTIONAL PURCHASE SUMMARY**

You will incur no Finance Charges on a Deferred Interest promotional purchase, provided the promotional purchase amount is paid in full by the indicated Promotional Expiration Date and you pay, by the Payment Due Date, each Minimum Payment Due on your Account prior to the Promotional Expiration Date.  If you do not satisfy these requirements, Finance Charges accrued from the date of purchase will be added to your Account*.

| Promotional Expiration Date | Promotional Balance | Deferred FINANCE CHARGE | Tran Date | Promotion Type | Initial Transaction Amount |
|---|---|---|---|---|---|
| 04/21/2009 | $2,463.19 | $336.01 | 10/13/2008 | With Pay Deferred Interest | $2,500.00 |
| 05/21/2009 | $793.34 | $39.65 | 11/13/2008 | With Pay Deferred Interest | $800.00 |

* If you would like to make more than one payment see MAIL PAYMENT TO address or pay online at www.gaonlineservice.com

**FINANCE CHARGE SUMMARY**

| How Your FINANCE CHARGE Was Calculated | Computed on Average Daily Principal Balance | Daily (D) Periodic Rate | Corresponding Annual Percentage Rate | Periodic FINANCE CHARGE |
|---|---|---|---|---|
| Purchases | $4,638.12 | 0.0821% (D) | 29.99% | $220.58 |
| With Pay Deferred Interest | $2,663.39 | 0.0821% (D) | 29.99% | $0.00 |
| With Pay Deferred Interest | $840.00 | 0.0821% (D) | 29.99% | $0.00 |
| ANNUAL PERCENTAGE RATE - Purchases | 29.990% | | Total Periodic FINANCE CHARGE | $220.58 |

**IMPORTANT NEWS**

In order to protect your account privacy, we are unable to provide account information to anyone  other than the cardholder(s) or an authorized party. If you wish to permit us to speak to an authorized party such as a spouse about your account, please send written authorization to the General Inquiries address.

If you pay the "Suggested Payment"  amount you will bring your account below your credit limit and avoid additional Overlimit Fees.

YOUR PERIODIC RATE AND ANNUAL PERCENTAGE RATE MAY VARY.

PAYMENT ON YOUR ACCOUNT IS REQUIRED, IF YOU HAVE A PROMOTIONAL BALANCE, THE DEFERRED INTEREST PERIOD, PROMOTIONAL INTEREST RATE PERIOD, OR FIXED PAYMENT PLAN HAS BEEN TERMINATED.
CALL 1-800-292-7508

* NOTICE:  See reverse side and additional pages (if any) for important information concerning your account

3347      F40       1    7  22  618737      2 PAGE 1 of 3       9072 3060 C654  D1263702

ACCOUNT NUMBER 6019 1830 0185 2875
STATEMENT DATE 02/22/2009

## CARDHOLDER NEWS (continued)

The New CareCredit Cardholder Website is Better than Ever! You can easily access more account resources and sign up to receive email communications from CareCredit. Visit CareCredit.com/Cardholder today to see the new website for yourself.

Remember you can count on CareCredit again and again to look and feel your best for you and your entire family. With 75,000 providers nationwide and flexible payment plans available, there's nothing stopping you.

There are so many ways to use CareCredit, and all of them can help you achieve a healthier, happier you. Dental treatments to help you light up a room with your smile, LASIK surgery and vision care so you'll always have a clear perspective and cosmetic procedures to enhance your natural beauty. And remember, you can always count on CareCredit for your pets - for great care without compromise.

## REFERRAL MESSAGE

CALL 1-866-893-7864 TO FIND A PROVIDER NEAR YOU! CARECREDIT...HEALTHCARE FINANCING ON YOUR TERMS.

Share your opinions! Join the CareCredit Advisory Panel - go to CareCreditPanel.com.

Account Number 6019 1800 0165 2676

| $1,569.00 | $1,125.00 | 04/14/2009 | $678.37 | $16,878.37 | $2,247.37 |

3/09

Fill in Amount
Completely: $ ☐☐☐☐☐.☐☐

Payment due includes 1,125.00 past due.   Please pay the past due amount PROMPTLY.

☐ New address or e-mail?
Check the box at left and
print changes on back

50730001531616I

Mail Payments to: GE MONEY BANK
PO BOX 960061
ORLANDO, FL 32896-0061

SANDRA L SAILSMAN
3015 PERRY AVE APT 3G
BRONX NY 10458-1721

!104581721371!

!328960061618!

02247370035500 022473701267837, 000601918 3001652 67662

Pay online at www.geonlineservice.com or enclose this coupon with your check to GE MONEY BANK. Please see back or Stub 2A.

CARE CREDIT/GEMB                                              GE Money

For Customer Service visit us online at www.geonlineservice.com or call 1-866-893-7864 to report your card lost or stolen.

| ACCOUNT INFORMATION | | SUMMARY OF TRANSACTIONS | |
|---|---|---|---|
| Account Number | 6019 1800 0165 2676 | Previous Balance | $12,056.76 |
| Statement Date | 03/22/2009 | + New Purchases / Balance Transfers | $0.00 |
| Payment Due Date | 04/14/2009 | - Payments | $0.00 |
| Minimum Payment This Period | $444.00 | +/- Credits, Fees & Adjustments (net) | $39.00 |
| Amount Past Due | $1,125.00 | +/- FINANCE CHARGES / | $582.61 |
| Total Minimum Payment Due | $1,569.00 | Transaction Fees (net) | |
| Over-limit Amount | $678.37 | = New Balance | $12,678.37 |
| Suggested Payment | $2,247.37 | | |
| Days This Period | 25 | | |
| | | Credit Limit | $12,000.00 |
| PAYMENT DUE BY 5 P.M. ON THE DUE DATE | | Available Credit | $0.00 |
| We may convert your payment into an electronic debit. | | | |
| See reverse side. | | | |

| Tran Date | Post Date | Reference Number | Description | | Amount |
|---|---|---|---|---|---|
| 03/17/2009 | 03/17/2009 | | LATE FEE | | $39.00 |
| 03/23/2009 | 03/22/2009 | | FINANCE CHARGE | | $582.61 |

You will incur no Finance Charges on a Deferred Interest promotional purchase, provided the promotional purchase amount is paid in full by the indicated Promotional Expiration Date and you pay, by the Payment Due Date, each Minimum Payment Due on your Account prior to the Promotional Expiration Date. If you do not satisfy these requirements, Finance Charges accrued from the date of purchase will be added to your Account.

| Promotional Expiration Date | Promotional Balance | Billed FINANCE CHARGE | Tran Date | Promotion Type | Initial Transaction Amount |
|---|---|---|---|---|---|
| CANCELLED | $2,761.34 | $301.19 | 10/07/2008 | With Pay Deferred Interest | $2,850.00 |
| CANCELLED | $571.92 | $75.48 | 11/13/2008 | With Pay Deferred Interest | $500.00 |

* If you would like to make more than one payment see MAIL PAYMENT TO address or pay online at www.geonlineservice.com.

* NOTICE: See reverse side and additional pages (if any) for important information concerning your account.

5337     I-G      3    7  22  094323         X PAGE 1 of 3         8471  3009  0331  01293383

**Important Notice**
Regarding Your GE Money Bank Credit Card Account
March 2009

Please read this Notice carefully and retain it for your records.

This Notice changes the following terms of your GE Money Bank Credit Card Agreement governing the Account referred to in the enclosed Statement. The changes will be effective on the first day of your April 2009 billing cycle. All other terms of your Agreement remain the same.

I. Late Payment Fee. The Late Payment Fee will increase from $39 to $29.99 for a balance of $249.99 or less and from $39 to $39.99 for a balance of $250.00 or more.

II. Other Fees. The Returned Check Fee, Returned Loan Check Fee and Stop Payment Fee will increase from $39 to $39.99.

If you have any questions about this Notice, please call the customer service number as noted on your Statement.

ACCOUNT NUMBER  6019 1830 0165 2576
STATEMENT DATE   03/22/2009

## FINANCE CHARGE SUMMARY

| How Your FINANCE CHARGE Was Calculated | Computed on Average Daily Principal Balance | Daily (D) Periodic Rate | Corresponding Annual Percentage Rate | Periodic FINANCE CHARGE |
|---|---|---|---|---|
| Purchases | $8,907.20 | 0.05217% (D) | 19.99% | $204.94 |
| With Pay Deferred Interest | $2,728.70 | 0.05217% (D) | 20.99% | $301.19 |
| With Pay Deferred Interest | $851.50 | 0.05217% (D) | 23.99% | $76.48 |
| ANNUAL PERCENTAGE RATE –Purchases | | 20.990% | Total Periodic FINANCE CHARGE | $582.61 |

## IMPORTANT NEWS

PLEASE NOTE: ENCLOSED IS THE PRIVACY POLICY.  PLEASE TAKE A MOMENT TO READ IT THEN KEEP THIS WITH OTHER FINANCIAL DOCUMENTS. IF YOU HAVE PREVIOUSLY OPTED-OUT FOR THE PRIVACY POLICY, YOU DO NOT NEED TO DO SO AGAIN.

In order to protect your account  privacy, we are unable to provide account information to anyone  other than the cardholder(s) or an authorized party. If you wish to permit us to speak to an authorized party such as a spouse about your account, please send written authorization to the General Inquiries address.

If you pay the "Suggested Payment" amount you will bring your account below your credit limit and avoid additional Overlimit Fees.

YOUR PERIODIC RATE AND ANNUAL PERCENTAGE RATE MAY VARY.

   YOUR ACCOUNT IS 60 DAYS PAST DUE.  IT IS
   CRITICAL THAT YOU CONTACT US TO PROTECT
     YOUR CREDIT. 1-800-399-5166

Remember you can count on CareCredit again and again to look and feel your best for you and your entire family. With 75,000 providers nationwide and flexible payment plans available, there's nothing stopping you. There are so many ways to use CareCredit, and all of them can help you achieve a healthier, happier you. Dental treatments to help you light up a room with your smile, LASIK surgery and vision care so you'll always have a clear perspective and cosmetic procedures to enhance your natural beauty.  And remember, you can always count on CareCredit for your pets - for great care without compromise.

## SERVICE MESSAGE

CALL 1-866-893-7864 TO FIND A PROVIDER NEAR YOUR CARECREDIT_ HEALTHCARE FINANCING ON YOUR TERMS.

Share your opinions! Join the CareCredit Advisory Panel - go to CareCreditPanel.com.

4/09

| | | | | | |
|---|---|---|---|---|---|
| $2,000.00 | $1,500.00 | 05/15/2009 | $1,045.62 | $13,045.62 | $3,071.62 |

Fill in Amount
Completely: $ ☐☐☐☐☐.☐☐

Payment due includes $1,500.00 past due. Please pay the past due amount PROMPTLY.

☐ New address or e-mail?
Check the box at left and
print changes on back

15073300163367G
Mail Payments to: GE MONEY BANK
PO BOX 960061
ORLANDO, FL 32896-0061

!328960061618!

SANDRA L BAILSMAN
3015 PERRY AVE APT 3G
BRONX NY 10458-1721

!1045B1721371!

03071620035500 030716201304562   000601918  3001652 67662

Pay online at www.geonlineservice.com or enclose this coupon with your check to GE MONEY BANK. Please use blue or black ink.

CARE CREDIT/GEMB                                    GE Money

Pay online for free at www.geonlineservice.com.
For customer service or to report your card lost or stolen, call 1-866-893-7864. Best times to call are Wednesday - Friday.

| | | | | |
|---|---|---|---|---|
| Account Number | 6019 1830 0163 2676 | Previous Balance | | $12,978.37 |
| Statement Date | 04/22/2009 | New Purchases / Balance Transfers | | $0.00 |
| Payment Due Date | 05/15/2009 | Payments | | $0.00 |
| Minimum Payment This Period | $457.00 | Credits, Fees & Adjustments (net) | | $39.99 |
| Amount Past Due | $1,500.00 | FINANCE CHARGE / | | $327.26 |
| Total Minimum Payment Due | $2,006.00 | Transaction Fees (net) | | |
| Overlimit Amount | $1,045.62 | New Balance | | $13,045.62 |
| Suggested Payment | $3,071.62 | | | |
| Days This Period | 31 | | | |
| | | Credit Limit | | $12,000.00 |
| PAYMENT DUE BY 5 P.M. EASTERN ON THE DUE DATE | | Available Credit | | $0.00 |
| We may convert your payment into an electronic debit. | | | | |
| See reverse side. | | | | |

| Tran Date | Post Date | Reference Number | Description | Amount |
|---|---|---|---|---|
| 04/14/2009 | 04/14/2009 | | LATE FEE | $39.99 |
| 04/22/2009 | 04/22/2009 | | *FINANCE CHARGE* | $327.26 |

**FINANCE CHARGE SUMMARY**

| How Your FINANCE CHARGE Was Calculated | Computed on Average Daily Principal Balance | Daily (D) Periodic Rate | Corresponding Annual Percentage Rate | Periodic FINANCE CHARGE |
|---|---|---|---|---|
| Purchases | $12,947.46 | 0.08217%(D) | 29.99% | $327.26 |
| ANNUAL PERCENTAGE RATE - Purchases | 29.990% | Total Periodic FINANCE CHARGE | | $327.26 |

In order to protect your account privacy, we are unable to provide account information to anyone other than the cardholder(s) or an authorized party. If you wish to permit us to speak to an authorized party such as a spouse about your account, please send written authorization to the General Inquiries address.

If you pay the "Suggested Payment" amount you will bring your account below your credit limit and avoid additional Overlimit Fees.

YOUR PERIODIC RATE AND ANNUAL PERCENTAGE RATE MAY VARY.

YOUR ACCOUNT REMAINS PAST DUE. PROTECT YOUR
CREDIT BY SENDING THE AMOUNT DUE TODAY OR
CALL 1-800-399-5165

Remember you can count on CareCredit again and again to look and feel your best for you and your entire family. With 75,000 providers nationwide and flexible payment plans available, there's nothing stopping you. There are so many ways to use CareCredit, and all of them can help you achieve a healthier, happier you. Dental treatments to help you light up a room with your smile; LASIK surgery and vision care so you'll always have a clear perspective and cosmetic procedures to enhance your natural beauty. And remember, you can always count on CareCredit for your pets - for great care without compromise.

CALL 1-866-893-7864 TO FIND A PROVIDER NEAR YOU! CARECREDIT....HEALTHCARE
FINANCING ON YOUR TERMS.

Share your opinions! Join the CareCredit Advisory Panel - go to CareCreditPanel.com.

* NOTICE: See reverse side and additional pages (if any) for important information concerning your account.

5/09

| | | | | | |
|---|---|---|---|---|---|
| $2,497.00 | $2,025.00 | 06/14/2009 | $1,450.32 | $13,450.32 | $3,947.32 |

Fill in Amount
Completely:   $ ☐☐☐☐☐.☐☐

Payment due includes $2,025.00 past due.  Please pay the past due amount PROMPTLY.

☐ New address or e-mail?
Check the box as left and
print changes on back

5072.30016325761
Mail Payments to: GE MONEY BANK
PO BOX 960061
ORLANDO, FL 32896-0061

SANDRA L BAILSMAN
3015 PERRY AVE APT 3G
BRONX NY 10458-1721
!104581721371!

!328960061618!

03947320035500  039473201345032  000601918  3001652 67662

Pay online at www.geonlineservice.com or enclose this coupon with your check to GE MONEY BANK.  Please use blue or black ink.

CARE CREDIT/GEMB                                                GE Money

Pay online for free at www.geonlineservice.com.
For customer service or to report your card lost or stolen, call 1-866-893-7864. Best times to call are Wednesday - Friday.

| | | |
|---|---|---|
| Account Number | 6019 1830 0165 2978 | |
| Statement Date | 05/22/2009 | |
| Payment Due Date | 06/14/2009 | |
| Minimum Payment This Period | $471.00 | |
| Amount Past Due | $2,026.00 | |
| Total Minimum Payment Due | $2,497.00 | |
| Overlimit Amount | $1,450.32 | |
| Suggested Payment | $3,947.32 | |
| Days This Period | 30 | |

PAYMENT DUE BY 5 P.M. EASTERN ON THE DUE DATE
We may convert your payment into an electronic debit.
See reverse side.

| | |
|---|---|
| Previous Balance | $13,045.62 |
| New Purchases / Balance Transfers | $0.00 |
| Payments | $0.00 |
| Credits, Fees & Adjustments (net) | $78.99 |
| FINANCE CHARGE / Transaction Fees (net) | $325.71 |
| New Balance | $13,450.32 |
| Credit Limit | $12,000.00 |
| Available Credit | $0.00 |

| Tran Date | Post Date | Reference Number | Description | Amount |
|---|---|---|---|---|
| 05/22/2009 | 05/22/2009 | | OVERLIMIT FEE | $39.00 |
| 05/13/2009 | 05/16/2009 | | LATE FEE | $39.99 |
| 05/22/2009 | 05/22/2009 | | *FINANCE CHARGE* | $325.71 |

| How Your FINANCE CHARGE Was Calculated | Computed on Average Daily Principal Balance | Daily (D) Periodic Rate | Corresponding Annual Percentage Rate | Periodic FINANCE CHARGE |
|---|---|---|---|---|
| Purchases | $13,212.87 | 0.08217% (D) | 29.99% | $325.71 |
| ANNUAL PERCENTAGE RATE  -Purchases | 29.990% | | Total Periodic FINANCE CHARGE | $325.71 |

In order to protect your account privacy, we are unable to provide account information to anyone other than the cardholder(s) or an authorized party. If you wish to permit us to speak to an authorized party such as a spouse about your account, please send written authorization to the General Inquiries address.

If you pay the "Suggested Payment" amount you will bring your account below your credit limit and avoid additional Overlimit Fees.

YOUR PERIODIC RATE AND ANNUAL PERCENTAGE RATE MAY VARY.

YOUR ACCOUNT IS SERIOUSLY PAST DUE.  IT IS
CRITICAL THAT YOU CONTACT US TODAY AT
1-800-309-5166

Remember you can count on CareCredit again and again to look and feel your best for you and your entire family. With 75,000 providers nationwide and flexible payment plans available, there's nothing stopping you. There are so many ways to use CareCredit, and all of them can help you achieve a healthier, happier you. Dental treatments to help you light up a room with your smile, LASIK surgery and vision care so you'll always have a clear perspective and cosmetic procedures to enhance your natural beauty. And remember, you can always count on CareCredit for your pets - for great care without compromise.

CALL 1-866-893-7864 TO FIND A PROVIDER NEAR YOUR CARECREDIT_HEALTHCARE.
FINANCING ON YOUR TERMS.
Share your opinions! Join the CareCredit Advisory Panel - go to CareCreditPanel.com.

* NOTICE:  See reverse side and additional pages (if any) for important information concerning your account.

Account Number  6019 1830 0185 2678

609

| $2,983.00 | $2,497.00 | 07/15/2009 | $1,876.48 | $13,878.48 | $4,859.48 |
|---|---|---|---|---|---|

Fill in Amount
Completely:    $ [ ] [ ] , [ ] [ ] [ ] . [ ] [ ]

Payment due includes $2,497.00 past due.  Please pay the past due amount PROMPTLY.

☐ New address or e-mail?
Check the box at left and
print changes on back

15071300515215761

Mail Payments to: GE MONEY BANK
PO BOX 960061
ORLANDO, FL 32896-0061

!328960061618!

BANDRA L BAILSMAN
3015 PERRY AVE APT 3G
BRONX NY 10458-1721
!104581721371!

04859480035500  04B59480013B7648  000601918  3001652 67662

Pay online at  www.geonlineservice.com or enclose the coupon with your check to GE MONEY BANK.  Please use blue or black ink.

CARE CREDIT/GEMB                                                          GE Money

Pay online for free at www.geonlineservice.com
For customer service or to report your card lost or stolen, call 1-866-893-7864. Best times to call are Wednesday - Friday.

| Account Number | 6019 1830 0185 2678 |
|---|---|
| Statement Date | 06/22/2009 |
| Payment Due Date | 07/15/2009 |
| Minimum Payment This Period | $488.00 |
| Amount Past Due | $2,497.00 |
| Total Minimum Payment Due | $2,983.00 |
| Overlimit Amount | $1,876.48 |
| Suggested Payment | $4,859.48 |
| Days This Period | 31 |

PAYMENT DUE BY 5 P.M. EASTERN ON THE DUE DATE
We may convert your payment into an electronic debit.
See reverse side.

| | Previous Balance | $13,450.32 |
|---|---|---|
| + | New Purchases / Balance Transfers | $0.00 |
| - | Payments | $0.00 |
| +/- | Credits, Fees & Adjustments (net) | $78.99 |
| +/- | FINANCE CHARGE/ | $347.17 |
| | Transaction Fees (net) | |
| = | New Balance | $13,878.48 |

| Credit Limit | $12,000.00 |
|---|---|
| Available Credit | $0.00 |

| Tran Date | Post Date | Reference Number | Description | Amount |
|---|---|---|---|---|
| 06/22/2009 | 06/22/2009 | | OVERLIMIT FEE | $39.00 |
| 06/14/2009 | 06/14/2009 | | LATE FEE | $39.99 |
| 06/22/2009 | 06/22/2009 | | "FINANCE CHARGE" | $347.17 |

| How Your FINANCE CHARGE Was Calculated | Computed On Average Daily Principal Balance | Daily (D) Periodic Rate | Corresponding Annual Percentage Rate | Periodic FINANCE CHARGE |
|---|---|---|---|---|
| Purchases | $13,829.02 | 0.052778 (D) | 29.99% | $347.17 |
| ANNUAL PERCENTAGE RATE -Purchases | 29.990% | Total Period FINANCE CHARGE | | $347.17 |

In order to protect your account privacy, we are unable to provide account information to anyone other than the cardholder(s) or an authorized party. If you wish to permit us to speak to an authorized party such as a spouse about your account, please send written authorization to the General Inquiries address.

If you pay the "Suggested Payment" amount you will bring your account below your credit limit and avoid additional Overlimit Fees.

YOUR PERIODIC RATE and ANNUAL PERCENTAGE RATE MAY VARY.

IMMEDIATE PAYMENT ARRANGEMENTS MUST BE MADE
TODAY ON YOUR ACCOUNT. CALL 1-800-399-5186

Remember you can count on CareCredit again and again to look and feel your best for you and your entire family. With 75,000 providers nationwide and flexible payment plans available, there's nothing stopping you. Dental treatments to help you light up a room with your smile, LASIK surgery and vision care so you'll always have a clear perspective and cosmetic procedures to enhance your natural beauty. And remember, you can always count on CareCredit for your pets - for great care without compromise.

CALL 1-866-893-7864 TO FIND A PROVIDER NEAR YOU CARECREDIT_HEALTHCARE
FINANCING ON YOUR TERMS.

Share your opinions! Join the CareCredit Advisory Panel - go to CareCreditPanel.com.

* NOTICE: See reverse side and additional pages (if any) for important information concerning your account

5101      PAG      1    7  22  050622      P X PAGE 1 of 1      9072  3000  C134  01 DE5 782

Account Number 6019 1830 0165 2676

7/9

| $3,471.00 | $0.00 | 07/22/2009 | $0.00 | $0.00 | $0.00 |

Fill in Amount
Enclosed:   $ ☐☐☐☐☐☐

Payment due includes $0.00 past due.  Please pay the past due amount PROMPTLY.

☐ New address or e-mail?
Check the box at left and
print changes on back

*5072300165267676*
Mail Payments to:  GE MONEY BANK
PO BOX 960061
ORLANDO, FL 32896-0061

*0239650061618*

SANDRA L SAILSMAN
3015 PERRY AVE APT 3G
BRONX NY 10458-1721
*104381721371*

00000000035500 000000000000000   000601918  3001652 67662

Pay online at www.gogelineservice.com  or enclose this coupon with your check to GE MONEY BANK.  Please use blue or black ink.

CARE CREDIT/GEMB

GE Money

Pay online for free at www.gogelineservice.com
For customer service or to report your card lost or stolen, call 1-866-893-7864.     Best times to call are Wednesday - Friday.

| Account Number | 6019 1830 0165 7676 |
| Statement Date | 07/21/2009 |
| Payment Due Date | 07/22/2009 |
| Total Minimum Payment Due | $3,471.00 |
| Days This Period | 29 |

PAYMENT DUE BY 5 P.M. EASTERN ON THE DUE DATE .
We may convert your payment into an electronic debit.
See reverse side.

|  |  |
|---|---|
| Previous Balance | $13,876.48 |
| + New Purchases / Balance Transfers | $0.00 |
| - Payments | $0.00 |
| +- Credits, Fees & Adjustments (net) | $13,876.48- |
| +- FINANCE CHARGE / | $0.00 |
| Transaction Fees ( net) |  |
| = New Balance | $0.00 |
| Credit Limit | $12,000.00 |
| Available Credit | $0.00 |

| Trans Date | Post Date | Reference Number | Description | Amount |
|---|---|---|---|---|
| 07/21/2009 | 07/21/2009 | F9072006A00999990 | CHARGE OFF ACCOUNT-PRINCIPALS | $11,018.11 Cr |
| 07/21/2009 | 07/21/2009 | F9072006A00999990 | CHARGE OFF ACCOUNT "FINANCE CHARGES" | $2,898.36 Cr |
| 07/15/2009 | 07/15/2009 |  | LATE FEE | $39.99 |

| How Your FINANCE CHARGE Was Calculated | Computed on Average Daily Principal Balance | Daily (D) Periodic Rate | Corresponding Annual Percentage Rate | Periodic FINANCE CHARGE |
|---|---|---|---|---|
| Purchases | $0.00 | 0.082197% (D) | 29.99% | $0.00 |
| ANNUAL PERCENTAGE RATE Purchases | 29.99% | Total Periodic FINANCE CHARGE |  | $0.00 |

In order to protect your account privacy, we are unable to provide account information to anyone other than the cardholder(s) or an authorized party. If you wish to permit us to speak to an authorized party such as a spouse about your account, please send written authorization to the General Inquiries address.

If you pay the "Suggested Payment" amount you will bring your account below your credit limit and avoid additional Overlimit Fees.

YOUR PERIODIC RATE AND ANNUAL PERCENTAGE RATE MAY VARY.

Remember you can count on CareCredit again and again to look and feel your best for you and your entire family. With 75,000 providers nationwide and flexible payment plans available, there's nothing stopping you. There are so many ways to use CareCredit, and all of them can help you achieve a healthier, happier you. Dental treatments to help you light up a room with your smile. LASIK surgery and vision care so you'll always have a clear perspective and cosmetic procedures to enhance your natural beauty. And remember, you can always count on CareCredit for your pets - for great care without compromise.

CALL 1-866-893-7864 TO FIND A PROVIDER NEAR YOU! CARECREDIT—HEALTHCARE FINANCING ON YOUR TERMS.
Share your opinion! Join the CareCredit Advisory Panel - go to CareCreditPanel.com.

* NOTICE:  See reverse side and additional pages (if any) for important information concerning your account

5102      P4Q        1      5   23   030721          B X PAGE 1 of 1          5072  1030  CE5A  00 0X3.102

## AFFIDAVIT OF SALE

**STATE OF:**          Minnesota

                 : SS

**COUNTY OF:**          Ramsey

BEFORE ME, on the day and date set forth below, the undersigned Notary, being qualified and commissioned in and for the county and state aforesaid, personally came and appeared **Karl Drenth**, who being duly sworn, did depose and say:

Affiant is the DOCUMENT CONTROL SPECIALIST at GE MONEY BANK and in that capacity, Affiant is personally familiar with the debt **6019183001652676** (the "Account") made by **SANDRA SAILSMAN** (the "Debtor") made payable to **GE MONEY BANK** and subsequently sold to **CACH, LLC.**

The correct amount currently owed by the Debtor on Account Number is the sum of **$13,916.47** as **8/24/2009** and is reflected in all records of the account of which GE MONEY BANK has knowledge.

The following statement pertains if the debtor referenced above is a state of California resident: I certify under the penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed this ____5____ day of ___May_____, 2010

**Karl Drenth**
Document Control Specialist

Sworn to and Subscribed before me this ____5____ day of ___May_____, 2010

Notary Public

My commission expires: __1-31-15__



MAGGIE CATHERINE HOUSKER
Notary Public-Minnesota
My Commission Expires Jan 31, 2015

CERTIFICATE OF CONFORMITY

I, <u>BRETT WILLIAM ROULEAU</u>, (an attorney-at-law admitted to practice in the State of <u>MINNESOTA</u>) and fully acquainted with the laws of the State of <u>MINNESOTA</u> pertaining to the acknowledgement or proof of deeds of real property to be recorded therein, do hereby certify that I am duly qualified to make this Certificate Of Conformity pursuant to Section 299-a of the Real Property Law of the State of New York and hereby certify that the acknowledgement or proof upon the foregoing document was taken by <u>MAGGIE HOUSKER</u>, a Notary Public in the State of <u>MINNESOTA</u>, in the manner prescribed by the laws of the State of <u>MINNESOTA</u> and conforms to the laws thereof in all respects.

IN WITNESS WHEREOF, I have hereunto set my signature, on <u>MAY 5 2010</u>.

_____
Attorney at Law, State of <u>MINNESOTA</u>

## EXHIBIT A

### BILL OF SALE

For value received and in further consideration of the mutual covenants and conditions set forth in the Forward Flow Receivables Purchase Agreement (the "Purchase Agreement"), dated as of April 8, 2009 by and between General Electric Capital Corporation, a Delaware Corporation, GE Money Bank, a federal savings bank (collectively "Seller") and CACH, LLC ("Buyer"). Seller hereby transfers, sells, conveys, grants, and delivers to Buyer, its successors and assigns, without recourse except as set forth in the Purchase Agreement, to the extent of its ownership, the Receivables as set forth in the Notification Files (as defined in the Purchase Agreement), delivered by Seller to Buyer on each Transfer Date, and as further described in the Purchase Agreement.

General Electric Capital Corporation

By: _____

Title: _____ VP _____

Date: _____ 8-27-09 _____

GE Money Bank

By: _____

Title: _____ EVP _____

Date: _____ 8-27-09 _____

| Cut-off Date | Funding Date | Face Value | # of Accounts | Purchase Price Factor | Purchase Price |
|---|---|---|---|---|---|
|  |  |  |  |  |  |



| ACCTNUM | MKR_FN | MKR_LN | CMPNY_N | MKR_TAXID | MKR_AD1 | MKR_AD2 | MKR_AD3 | MKR_CITY | MKR_ST | MKR_ZIP |
|---|---|---|---|---|---|---|---|---|---|---|
| 60191830016525F6 | SANDRA | SAILSMAN | | 115445531 | 3015 PERRY AVE APT 3G | | | BRONX | NY | 10458-1721 |



| MKR_HP | MKR_WP | MKR_DOB | OPENDATE | CHGOFF_DATE | RMBLAST | LASTPMT | BRANCH | DOFD | CHGOFFCODE | LOSSAMT | CURBAL | RMSFILENUM | ACCTSTS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7183296061 | 0000000000 | 19520515 | 20071019 | 20090721 | 20081215 | 355 | CRCH | 20090122 | UNPY | 13916.47 | 13916.47 | 57582158 | S14 |



| SYSDESC | JDGDATE | OFF_CODE | OFF_DESC | BCLE | BCLE_DESC | BUYERCODE | INT_RATE | PRINC_LOSS | ASSOC_COSTS | ACCRD_INT | NET_COSTS |
|---------|---------|----------|----------|------|-----------|-----------|----------|------------|-------------|-----------|-----------|
| Sold FF Fresh | 0 CCI084 | Care Credit | 0181 | GE Money Bank | X505 | | 29.99 | 11018.11 | | 0 | 2898.36 | 0 |





CMKR_STATE   CMKR_ZIP

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )

                                        ss.:

COUNTY OF NASSAU)

Michelle Farino, being duly sworn, deposes and says:

I am not a party to this action, am over 18 years of age and reside in the County of Queens, State of New York.

I served a copy of the within Notice of Motion to Grant Summary Judgment in favor of Plaintiff, Affirmation in Support, Affidavit in Support and annexed Exhibits on the following:

> SANDRA SAILSMAN
> 3015 Perry Ave 3g
> Bronx, NY 10458

by delivering one (1) copy via regular mail on May _June_ _13_, 2011 in a post-paid wrapper properly addressed in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, by postage prepaid, addressed to each of the aforementioned persons at the last known address set forth.

_Michelle Farino_

Sworn to before me this
_13_ day of May _June_, 2011

Ira R. Sitzer
Notary Public - State of New York
No. 01SI4519118
Qualified in Suffolk County
Commission Expires Dec. 31, 2014

# EXHIBIT I

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X

CACH, LLC

                       Plaintiff,

      -against-

SANDRA SAILSMAN

                      Defendant.
-------------------------------------------------------------X

**ORDER**
Index No.: 02235/11

*Apt 35 C*
*Col. # 4*

The Plaintiff, having moved pursuant to CPLR § 3212 for an Order granting Summary

Judgment in its favor and against the Defendant and said motion having been submitted on

*July 22* , 2011, *on default*

UPON the Summons and Verified Complaint, Answer, Notice of Motion to Grant

Summary Judgment, affidavit of Plaintiff, affirmation in support and exhibits annexed thereto,

and upon all prior proceedings had herein, and due deliberation having been had thereon;

NOW, upon motion of Daniels & Norelli, P.C., attorneys for Plaintiff, it is hereby

ORDERED that Plaintiff's motion is granted in its entirety; and it is further

ORDERED that the clerk is hereby directed to enter judgment in favor of Plaintiff and

against the Defendant in the sum of $1,916.47 together with statutory interest at the rate of 9.0%

from 7/21/2009 plus costs and disbursements, and that judgment be entered accordingly.

Dated : *7/22/11*

_____

Civil Court
of the
City of New York
JUL 22 2011
ENTERED
BRONX COUNTY

**HON. LIZBETH GONZÁLEZ**
**JUDGE, CIVIL COURT**

# EXHIBIT J

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX:  PART 35C
-----------------------------------------------------------X

CACH, LLC

Plaintiff,

Index No.  CV-002235-1

- against -

SANDRA SAILSMAN

Defendant.
-----------------------------------------------------------X

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

State of New York, County of Bronx

SANDRA SAILSMAN _____, being duly sworn, deposes and says:

1.   I am the Defendant in this proceeding.

2.   I make this Affidavit in opposition to Plaintiff's motion for summary judgment.

3.   The court should deny Plaintiff's motion for summary judgment for the following reasons:

☐ Plaintiff has not established that it has standing to bring this claim.

☐ Plaintiff has failed to provide not just the original agreement but neglected to offer a copy of such agreement.  An assignment is a contract and, consequently, must be produced in order to prove its contents.  <u>Schack v. Wormster</u>, 185 N.Y.S. 580, 581 (1st Dep't 1920).

THE BILL OF SALE IS ILLEGIBLE AND THE AUTHENTICITY OF THE DOCUMENT IS SUSPECT, AND DOES NOT LINK DEFENDANT'S ALLEGED DEBT TO THE SALE TO CACH, LLC.

☐ The issue of standing can be characterized as raising questions of subject matter jurisdiction, <u>Lacks v. Lacks</u>, 41 N.Y.2d 71, 74 (1976), which is a defense not waived by Defendant, <u>see</u> N.Y. C.P.L.R. § 3211(2).   <u>See</u> <u>Security Pacific Nat'l Bank v. Evans</u>, 31 A.D.3d 278 (1st Dep't 2006) (stating that the doctrine of standing is an element of the larger question of justiciability and is designed to ensure that the party seeking relief has a sufficiently cognizable stake in the outcome so as to present the court with a dispute that is capable of judicial resolution).

☐ The affidavit/s submitted by Plaintiff to introduce the evidence in support of its claim is/are inadmissible hearsay.

☐ The documentation provided does not meet the business records exception to the hearsay rule and they are not authenticated by an affidavit from the appropriate party. The court should not consider them, and summary judgment should be denied.

☐ Pursuant to N.Y. C.P.L.R. § 4518(a) a sponsoring witness must 1) provide that the record was made in the regular course of business; 2) it was the regular course of business to make it; and 3) it was made contemporaneously with the events it records. The mere recitation of this standard does not render the documents Plaintiff seeks to admit as sufficient under the business records exception to the hearsay rule.

ALL STATEMENTS MADE BY MR TON
VIGIL ARE BASED UPON INFORMATION
AND DOCUMENTS PROVIDED BY GE
MONEY BANK THUS MR. VIGIL COULD NOT
HAVE PERSONAL KNOWLEDGE OF THE
E INFORMATION IN THE DOCUMENTS.
MOREOVER, THE CERTIFICATE OF CONFORMITY INTRODUCING
MR VIGIL'S AFFIDAVIT RELATES TO ANOTHER CASE,
CACH, LLC V. BETH FRANK, CV-073388-10/BX.

☐ The fact that Plaintiff obtained the records from GE Money Bank and then retained them is insignificant and an insufficient basis for the introduction into evidence.  Palisades Collection, LLC v. Gonzalez, 809 N.Y.S.2d 482, 2005 WL 3372971 *2 (N.Y. Civ. Ct. 2005).  See also N.Y. C.P.L.R. § 3212(b).

☐ Plaintiff has failed to set forth admissible evidence establishing a prima facie claim that entitles it to collect on the alleged debt owed by Defendant.

☐ Even assuming Plaintiff's proffered evidence meets threshold requirements for admissibility, Plaintiff has not provided sufficient evidence supporting its apparent claims for Account Stated and/or Breach of Contract.  See Citibank v. Martin, 807 N.Y.S.2d 284 (N.Y. Civ. Ct. 2005).

☐ "It is well settled that the essential elements of a cause of action to recover damages for breach of contract are: the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages."  J.P. Morgan Chase Bank, N.A. v. Rabel, 27 Misc.3d 656, 658 (N.Y. Civ. Ct. 2010) citing J.P. Morgan Chase Bank, N.A. v. J.H. Elec. of New York, Inc., 69 A.D.3d 802, 803 (2d Dep't 2010).

BOILERPLATE CONTRACT, ~~RATHER THAN AN~~ THERE IS NO ORIGINAL CONTRACT; THE BOILERPLATE AGREEMENT IS FROM 2006 AND DEFENDANT DID NOT HAVE AN ACCOUNT WITH GE MONEY IN 2006. THERE ARE DISCREPANCIES IN FEES ON BOILERPLATE AND FEES ON ~~ACCT~~ ACCOUNT STATEMENTS. APR LISTED ON AGREEMENT IS NOT THE SAME AS ~~THE~~ APR ON THE STATEMENTS

3

_____
_____
_____
_____

☐ Plaintiff must prove for its account stated claim that 1) the account was presented; 2) by mutual agreement it was accepted as correct; and 3) the debtor promised to pay the account stated. Bank of New York-Delaware v. Santarelli, 491 N.Y.S.2d 980, 981 (Civ. Ct. Greene Co. 1985). New York courts treat the account stated claim as an accounting requiring an independent basis for liability and as merely establishing the amount of debt. Citibank v. Martin, 807 N.Y.S. at 291. An account stated claim can determine only the amount of debt it cannot create liability where none exists "as well as prove any agreement to pay any interest appearing on the account." Id. (emphasis added). More importantly, New York law states, in reference to the unauthorized or improper use of credit and debit cards, that: "No agreement between the issuer and holder shall contain any provision that a statement sent by the issuer to the holder shall be deemed correct unless objected to within a specified period of time. Any such provision is against public policy and shall be of no force or effect." N.Y. Gen. Bus. Law § 517 (2011).

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

☒ Genuine triable issues of material fact exist that cannot be resolved at summary judgment. N.Y. C.P.L.R. § 3212(b). "[T]he remedy of summary judgment is a drastic one, which should not be granted where there is any doubt as to the existence of a triable issue or where the issue is even arguable, since it serves to deprive a party of his [or her] day in court. Relief should be granted only where no genuine, triable issue of fact exists." Chemical Bank v. West 95th St. Dev. Corp., 161 A.D.2d 218, 219 (1st Dep't 1990).

DEFENDANT MAINTAINS THAT SHE HAS
PAID IN FULL, OWED $14 000 AND DEFENDANT
HAS PROVIDED PLAINTIFF WITH DOCUMENTATION
TO THIS EFFECT PROVING PAYMENTS MADE.

CONTRACT CONTAINS FEES THAT DO NOT
CORRESPOND TO FEES IN THE STATEMENT. THESE
DOCUMENTS CONTROVERT EACH OTHER.

☑ Last, in addition to the aforementioned reasons Plaintiff's motion should be denied because

The Certificate of Conformity dated May 5, 2010, by
Bret William Rouleau Introducing the Affidavit
of Sale dated May 5, 2010, See Pl's Ex. E, relates to
" the acknowledgement or proof of deeds of real
property to be recorded therein..." and not
the sale of a credit card account. The
Certificate of Conformity is insufficient on its
face.

4. The following cases support my position:  J.P. Morgan Chase Bank, N.A. v. Rabel, 27 Misc.3d 656 (N.Y. Civ. Ct. 2010); J&L Am. Enters., Ltd. v. DSA Direct, LLC, 814 N.Y.S. 2d 890, 890 (Sup. Ct. N.Y. Co. 2006); MBNA America Bank, N.A. v. Nelson, 2007 NY Slip Op 51200U, 24 (Civ. Ct Richmond Co. 2007); Kent v. 534 E. 11th St., 80 A.D.3d 106 (1st Dep't 2010) (stating that even when existence of agreement is undisputed, the court must be able to determine what terms of the agreement are before it can conclude there has been a breach); Palisades Collection Co. v. Velasquez, 910 N.Y.S.2d 406 (1st Dep't 2010); Palisades Collection, LLC v. Gonzalez, 809 N.Y.S.2d 482, 482 (Civ. Ct. N.Y. County 2005); Chemical Bank v. West 95th St. Dev. Corp., 161 A.D.2d 218 (1st Dep't 1990).

I swear upon penalty of perjury that the statements made above are true to the best of my knowledge, information, and belief.

WHEREFORE, I respectfully request that Plaintiff's motion for summary judgment be denied.

Sworn to before me this

9th day of August, 2011.

JASON VANCE
NOTARY PUBLIC, State of New York
No. 04VA6161023
Qualified in Bronx County
Commission Expires Feb. 8,20 15

6

# EXHIBIT K

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX - PART 35C

**Present:**     Honorable Ben R. Barbato, A.J.S.C.

CACH, LLC,

                          Plaintiff,

        -against-

SANDRA SAILSMAN,

                        Defendant.

**DECISION/ORDER**

Index No.: 2235/11

The following papers numbered 1 to 5 read on this motion for summary judgment noticed and submitted on the Part 35C Motion Calendar of August 26, 2011.

| Papers Submitted | Numbered |
|---|---|
| Notice of Motion, Affirmation and Exhibits | 1, 2, 3 |
| Affidavit in Opposition | 4 |
| Reply Affirmation | 5 |

Upon the foregoing cited papers, Plaintiff CACH, LLC moves for an Order pursuant to CPLR §3212 directing the entry of Summary Judgment in favor of the Plaintiff and against the Defendant SANDRA SAILSMAN.

This action is a breach of contract action brought by the Plaintiff on January 7, 2011. Plaintiff alleges that Defendant opened and maintained a credit card account with Plaintiff's predecessor, that monthly statements were mailed to the Defendant, that Defendant failed to make the required payments and that there is a balance due and owing to Plaintiff, now the current owner. Plaintiff argues that it is entitled to summary judgment against Defendant in the amount of $1,916.47, together with statutory interest from July 21, 2009 and costs of this action under the doctrine of account stated.

In opposition, the Defendant alleges that Plaintiff has not established that it has standing to bring this claim, that the affidavit submitted by the Plaintiff is inadmissible hearsay and that it

has failed to prove a *prima facie* claim that entitles it to collect on the alleged debt owed by Defendant. In addition, Defendant argues that it has paid in full over $14,000 and that she has provided Plaintiff with documentation proving that payments were made. Defendant also states that the contract contains fees that do not correspond to fees in the statements, that these documents contradict each other.

"[T]he remedy of summary judgment is a drastic one, which should not be granted where there is any doubt as to the existence of a triable issue or where the issue is even arguable, since it serves to deprive a party of his [or her] day in court. Relief should be granted only where no genuine, triable issue of fact exists." *Chemical Bank v. West 95th St. Dev. Corp.*, 161 A.D.2d 218 (1st Dept. 1990). With respect to an account stated, the mere rendering of an account does not make it a stated one, but where an account is rendered showing a balance, the party receiving it must, within a reasonable time, examine it and object, if he disputes its correctness. See *Peterson v. IBJ Schroder Bank & Trust Co.*, 172 A.D.2d 165 (1st Dept. 1991). If he omits to do so, he will be deemed by his silence to have acquiesced, and will be bound by it as an account stated, unless fraud, mistake or other equitable considerations are shown. Whether the parties' conduct evinces a mutual intent to be bound by a purported agreement and whether in an action based on an alleged account stated, objection is made within a reasonable time after receipt of the account are questions of fact that need to be submitted to the jury. See *Bowne of New York, Inc. v. International 800 Telecom Corp.*, 178 A.D.2d 138 (1st Dept. 1991).

Courts have indicated that absent fraud, mistake, or other invalidating causes or equitable considerations that would make recognition and enforcement of the agreement inappropriate, an account stated, having been agreed to by both the debtor and the creditor, is to be treated as

Page 2

conclusive.  See 29 Williston on Contracts § 73:61 (4th ed.)  Nevertheless, an account stated is open to attack on those bases available for challenging many other contracts.  Thus, it may generally be shown that the parties never agreed to an account stated; or that if the account was in fact agreed upon or "stated" it was nevertheless not intended to include the particular claim as to which a question has now arisen; or that the account stated was induced by fraud; or that it was entered into as a result of the kind of a material mistake that will give rise to relief in equity. (*Id.*)

The Court has reviewed the file and all evidence submitted.  Based upon that review, the Court finds that the strict standards for the granting of summary motion have not been met and that the Defendant is entitled to her day in court.  The Court notes that this action is on the trial calendar for September 22, 2011.

Accordingly it is

**ORDERED**, that Plaintiff CACH, LLC's motion for an Order pursuant to CPLR §3212 directing the entry of Summary Judgment in favor of the Plaintiff and against the Defendant SANDRA SAILSMAN is **Denied**.

The above constitutes the Decision and Order of this Court.

Dated: August 30, 2011

Hon. Ben R. Barbato, A.J.S.C.

> Civil Court
> of the
> City of New York
> SEP 16 2011
> **ENTERED**
> BRONX COUNTY

Page 3